SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**DAVID S. KIM, Deputy City Attorney (SBN 324531)**
dskim@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEETA DEVI,<br><br>            Plaintiff,<br><br>    vs.<br><br>SACRAMENTO BHARTIYA SABHA (dba) SHREE LAXMI NARAYAN MANDIR; and CITY OF SACRAMENTO; DOES 1-50, inclusive,<br><br>            Defendants. | Case No.:  2:24-CV00689-DJC-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF SACRAMENTO'S  MOTION TO DISMISS UNDER FRCP RULE 12(b)(6)**<br><br>Date:           May 8, 2024<br>Time:          10:00 a.m.<br>Courtroom:  24, 8th Floor<br>Before:        Hon. Carolyn Delaney |

## I.

## INTRODUCTION

It is well-settled that a plaintiff must allege facts identifying a municipal policy or custom that violates her constitutional rights as the cause of her injuries in order to state a *Monell* claim for relief against a municipality such as the City of Sacramento.  Because Plaintiff has failed to do so, her claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

///

///

///

## II.

## FACTUAL BACKGROUND

Plaintiff alleges that she was a member of the Sacramento Bhartify Sabha Church ("Church") for approximately 10 years. She claims that the Church required its members to pay "a large fee" in order to participate in certain activities and decisions. She further claims that she was threatened[1] with arrest if she voiced her opinion with respect to any Church-related issues. Plaintiff claims she nevertheless opposed the Church.

As a result, in October 2023, the Church's board members petitioned to remove Plaintiff's privileges as a Church member, including banning her from attending services at the Church. Plaintiff further alleges that, at the request of the Church, Defendant City of Sacramento ("City"), by and through its police department, removed her from the church and served her with a Notice of Trespass.

## III.

## APPLICABLE LEGAL STANDARDS

A motion to dismiss per Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballister v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Specifically, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiff has alleged sufficient facts to state a claim to relief that is facially plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

///

///

///

---

[1] Plaintiff does not allege who she claims threatened her.

## IV.

## ARGUMENT

**A.    Plaintiff Fails to Identify a Municipal Policy or Custom Causing Her Injuries in Support of Her *Monell* Claims Against the City of Sacramento.**

Plaintiff alleges that the City violated her First Amendment right to free speech and free exercise of religion. Though not explicitly stated in her complaint, these claims are effectively a *Monell* claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). She does not identify any other theories of liability under state or federal law.

Under *Monell*, a municipality cannot be held liable on a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). In order to impose liability under Section 1983, the plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (citations omitted).

However, Plaintiff does not identify a City policy or custom causing her injury. Rather, Plaintiff's only factual allegations as to the City are that, upon request from the Church's board members, she was removed from her place of worship by unidentified employees of the Sacramento Police Department, and was subsequently served with a Notice of Trespass. These allegations do not identify any City policy or custom causing her injury, and are therefore insufficient to support Plaintiff's First Amendment *Monell* claims under Section 1983.

## V.

## CONCLUSION

For the reasons set forth above, the City respectfully requests the Court grant the City's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismiss Plaintiff's action as to the City of Sacramento.

DATED: March 25, 2024                    SUSANA ALCALA WOOD, City Attorney

By:    /s/ David S. Kim
**DAVID S. KIM**, Deputy City Attorney
Attorneys for the CITY OF SACRAMENTO

3