MARY K. TALMACHOFF, STATE BAR NO. 258797
BATES WINTER TALMACHOFF & VANDERSLUYS LLP
925 Highland Pointe Drive, Suite 380
Roseville, CA 95678
Telephone: (916) 789-7080
Facsimile:  (916) 789-7090

Attorneys for Defendant Sacramento
Bhartiya Church Corporation (erroneously
Sued as Sacramento Bhartiya Saha (dba)
Shree Laxmi Narayan Mandir)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEETA DEVI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SACRAMENTO BHARTIYA SABHA (dba) SHREE LAXMI NARAYAN MANDIR; and CITY OF SACRAMENTO; DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-CV00689-DJC-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFENDANT SACRAMENTO BHARTIYA CHURCH CORPORATION'S MOTION TO DISMISS**<br><br>**DATE:**　　May 8, 2024<br>**TIME:**　　10:00 A.M.<br>**COURTROOM:**　24<br><br>Assigned For All Purposes to the Honorable Carolyn Delaney in Courtroom 24<br><br>Complaint Filed: March 5, 2024<br>Trial Date: NONE |

## INTRODUCTION

Plaintiff alleges that Defendant Church revoked her membership, removed her from the temple, and has barred her from church premises.  She alleges such actions are violations of her First Amendment rights of speech and religion.  However, violations of a person's First Amendment rights may only occur through state action.  Plaintiff's complaint contains no allegations establishing that the Defendant Church was acting under color of law in revoking her membership and barring her from its premises.

---

1  Accordingly, she has failed to state a cognizable legal theory under which relief may be
2  granted and her claims should be dismissed under Federal Rule of Civil Procedure
3  12(b)(6)
4        Moreover, Plaintiff's allegations relating to entitlement to membership in the
5  religious organization and a brief reference to slanderous statements are state law claims.
6  Defendant Church's alleged expulsion of Plaintiff and barring plaintiff from the premises
7  is in no way related to her First Amendment rights. Accordingly, Plaintiff's coloring of
8  her claims as constitutional violations is frivolous and only done to invoke federal
9  jurisdiction. As such, this Court lacks subject matter jurisdiction to hear Plaintiff's
10 Claims. Therefore, Plaintiff's action should also be dismissed under Federal Rule of Civil
11 Procedure 12(b)(1).

## SUMMARY OF FACTS

13       Plaintiff files suit alleging violation of her constitutionally protected right to free
14 speech and right to freedom of religion under the First Amendment of the United States
15 Constitution. (See Complaint at Attachment 1, Attachment 2.) Plaintiff alleges that she
16 was a member of Defendant Sacramento Bhartiya Sabha Church Corporation
17 (erroneously sued as Sacramento Bhartiya Saha (dba) Shree Laxmi Narayan Mandir)
18 (hereinafter "Defendant church") for over 10 years. (*Ibid.*) Plaintiff alleges that on
19 October 23, 2022, the board members of Defendant church removed Plaintiff as a temple
20 member. Plaintiff alleges that on January 9, 2024 Defendant church caused Plaintiff to
21 be served with a notice of trespass and removed from the temple by the Sacramento Police
22 Department. (Complaint at Attachment 1, Attachment 2.) Plaintiff alleges she has
23 thereafter been disallowed entry into the church temple to practice her religious beliefs.
24 (Complaint at Attachment 1.) Plaintiff also alleges her "reputation as a loyal Temple
25 member has been slandered as the Temple Board and its President accused her of going
26 against the Temple and their religious beliefs."
27 ///
28 ///

---

2
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DEFENDANT SACRAMENTO BHARTIYA CHURCH
CORPORATION'S MOTION TO DISMISS**

# ARGUMENT

## I.

## PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A COGNIZABLE LEGAL THEORY OR SUFFICIENT FACTS TO SUPPORT A COGNIZABLE LEGAL THEORY

### A. Legal standard on a motion to dismiss under FRCP 12(b)(6)

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 149 F.2d 530, 533-34 (9th Cir. 1984). When considering a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Shah v. County of Los Angeles*, 797 F.2dd 743, 745. A court need no accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008).

### B. Plaintiff Does Not Allege a Cognizable Legal Theory Under Which Her Exclusion from the Church May be Redressed

Plaintiff does not provide any legal theory under which she may seek redress for her expulsion and exclusion from the church. On this basis alone, her suit should be dismissed.

### C. Plaintiff's Claims Against Defendant Church For Violation of her First Amendment Rights Must be Dismissed Because Defendant Church is not a State Actor

Generally, claims for violation of constitutional rights are brought under 42 U.S.C. section 1983. To the extent Plaintiff's claims may be read to be a section 1983 claim, she has not established that the Church has acted under the color of law.

The First Amendment incorporated through the Fourteenth Amendment only restricts state action. *Manhattan Cmty. Access Corp v. Halleck*, 587 U.S. __ 139 S.Ct. 1921, 1928 (2019); *Lugar v. Edmonson Oil Co.* 457 U.S. 922, 924; *Florer v.*

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFENDANT SACRAMENTO BHARTIYA CHURCH CORPORATION'S MOTION TO DISMISS**

*Congeregation Pidyon Shevuyim, N.A.* 639 F.3d 916, 922-23 (9th Cir. 2011). Courts utilize a two-part test to determine whether deprivations of a right are attributable to the state when they are committed by a private actor. *Florer*, 693 F.3d at 922. "First the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* (quoting *Lugar*, 457 U.S. at 937). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Ibid.*

It is presumed that conduct by private actors is not state action. *Id.* (citing *Sutton v. Providence St. Joseph Med. Ctr.* 192 F.3d 826, 835 (9th Cir. 1999)). The plaintiff bears the burden of establishing that defendants were state actors. *Id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 15). "In order for private conduct to constitute governmental action, 'something more' must be present." *Id.* (quoting *Sutton*, 192 F.3d at 835). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior' may be fairly treated as that of the State itself.'" *Id.* (quoting *Brentwood Adac. V. Tnn Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295).

Plaintiff's Complaint does not allege that when revoking her alleged membership and barring Plaintiff from its premises, the Defendant church is acting as the state or under color of law. The Complaint contains no allegations regarding a right or privilege created by the state, or a rule of conduct imposed by the state that has deprived Plaintiff of her First Amended rights. Further, the complaint alleges no facts establishing any nexus between the Defendant church and state, let alone a close one, that could establish the Church as a state actor. Plaintiff's Complaint is therefore insufficient to establish a First Amendment claim against the Defendant Church.

### D. To the Extent Plaintiff's Complaint may be Read to State a Cause of Action for Defamation, Her Complaint Fails to Allege Sufficient Facts to Support a Claim for Defamation

Plaintiff's complaint contains a single reference to her reputation being

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFENDANT SACRAMENTO BHARTIYA CHURCH CORPORATION'S MOTION TO DISMISS**

"slandered" by the Defendant Church's board. To the extent that this fleeting statement could be read to allege a cause of action for defamation, the complaint fails to plead sufficient facts to support such a cause of action.

Under California law, the elements for a claim of Defamation are that (1) defendants published the statements; (2) that the statements were about plaintiff; (3) that they were false; and (4) that defendants failed to use reasonable care to determine the truth or falsity. *Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 470. Plaintiff's Complaint does not set forth what statements where allegedly made, who made the statements, that the statements were in fact false, and that Defendants failed to use reasonable care to determine the statements' falsity. Accordingly, Plaintiff's complaint fails to allege sufficient facts to support a cause of action for defamation against the Defendant Church.

## III.

## PLAINTIFF'S COMPLAINT FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION AGAINST DEFENDANT CHURCH

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may either be facial or factual. *Safe Air for Everyone v. Meyer* 373 F.3d 1035, 1039 (9th Cir. 2004.) "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." (*Id.*) "[J]urisdictional dismissals are warranted 'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." (*Id.*, quoting *Bell v. Hood* 372 U.S. 678, 682-83 (1946).)

The gravamen of Plaintiff's claims against the church are for her alleged removal as a member of the church and barring her from continued attendance at church functions. Plaintiff also makes a fleeting reference to allegedly "slanderous" conduct. These are state law claims. The only invocation of federal law is Plaintiff's allegations related to the violation of her First Amendment speech and religious rights. There simply exists no cognizable context where a private religious organization's expulsion of a member and

exclusion of that member from organization premises can give rise to state action involving the member's First Amendment rights. Plaintiff's claims are clearly state-law claims colored as infringement of her constitutional rights in an attempt seek jurisdiction in federal court. Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiff's state-law claims and dismissal under 12(b)(1) is proper.

## CONCLUSION

For the reasons set forth above, Defendant Sacramento Bhartiya Church Corporation respectfully requests the Court grant its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and dismiss the Plaintiff's action as to Sacramento Bhartiya Church Corporation.

Dated: April 2, 2024

**BATES WINTER TALMACHOFF & VANDERSLUYS LLP**

*Mary K. Talmachoff*
MARY K. TALMACHOFF
Attorneys for Defendant
SACRAMENTO BHARTIYA SABHA (dba)
SHREE LAXMI NARAYAN MANDIR

# PROOF OF SERVICE

Re: *Vinetta Devi v. Sacramento Bhartiya Sabha, etc., et al.*
United States District Court Eastern District of California Case No. 2:24-CV00689-DJC-CKD

STATE OF CALIFORNIA      )
                                              ) ss.
COUNTY OF PLACER      )

I am employed in the County of Placer, State of California. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 925 Highland Pointe Drive, Suite 380, Roseville, California 95678.

On this date, I served the attached:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFENDANT SACRAMENTO BHARTIYA CHURCH CORPORATION'S MOTION TO DISMISS**

addressed as follows:

| Plaintiff in Pro Per:<br>Vinetta Devi<br>2545 Fulton Avenue, Apt. 32<br>Sacramento, CA 95821<br>(315) 921-6811<br>**SERVED VIA U.S. MAIL** | Counsel for City of Sacramento<br>SUSANA ALCALA WOOD, City Attorney<br>DAVID S. KIM, Deputy City Attorney<br>(SBN 324531)<br>CITY OF SACRAMENTO<br>915 I Street, Room 4010<br>Sacramento, CA 95814-2608<br>T: (916) 808-5346<br>F: (916) 808-7455<br>dskim@cityofsacramento.org<br>**SERVED VIA ELECTRONIC SERVICE** |

XX   BY EMAIL: I caused each document to be delivered by electronic mail to the offices of the addressee.

XX   (BY MAIL) I am "readily familiar" with this firm's practice of processing correspondence for mailing. Under that practice, it is deposited with the U.S. postal service on the same day with postage fully prepaid at Roseville, California, in the ordinary course of business. [CCP sections 1012, 1013, 1013(a)]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 2, 2024, in Roseville, California.

*Mike Quinn*
Mike Quinn