VINEETA DEVI
2545 Fulton Avenue, Apt. #32
Sacramento, CA 95821

(315) 921-6811

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VINEETA DEVI**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SACRAMENTO BHARTIYA SABHA (DBA), SHREE LAXMI NARAYAN MANDIR; AND CITY OF SACRAMENTO, DOES 1-50, INCLUSIVE,**<br><br>**Defendants.** | CASE NO.: 2:24-CV00689-DJC-CKD<br><br>**PLAINTIFF'S OOPPOSITION TO DEFENDANT CITY OF SACRAMENTO'S MOTION TO DISMISS UNDER FRCP RULE 12(B)(6)**<br><br>**DATE:** MAY 08, 2024<br>**TIME:** 10:00 A.M.<br>**COURTROOM:** 24<br>**HONORABLE CAROLYN DELANEY** |

I, VINEETA DEVI, Plaintiff, oppose Defendant City of Sacramento's Motion to Dismiss under FRCP Rule 12(b)(6) based on the following:

1. Defendants have filed a Motion to Dismiss ("Motion") based on Federal Rule of Civil Procedure 12(b)(6), Plaintiff oppose the Motion. Rule 12(b)(6) provides that the parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted". Defendant states that Plaintiff fails to allege facts identifying a municipal policy or custom that violates her constitutional rights as the cause of her injuries. However, under State

1

and Federal Constitutional Limitations, local officials' action must also comply with the United States Constitution and federal law. Areas of federal law that frequently arise for local agencies include: <u>*The First Amendment establishment of religion, free exercise of religion and free speech clause.*</u>

        2. The Rule 12(b)(6) test has been revised in recent years. In *Conley v. Gibson,* 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 and Rule 12(b)(6) as follows: "The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U. S. at 45-46, *In Bell Atlantic Corporation vs. Twombly,* 55 U. S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. At 563. It continued: "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. In *Ashcroft v. Iqbal,* 556 U. S. 662 (2009), the Court further elaborated on the test, including this statement; "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that a plausible on its fact." Id. 1949 (citation omitted). Where a complaint is inadequate, **leave to amend the complaint is common**. See, e.g., *Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09-4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010). These arguments go to the merits, and Plaintiff have already addressed the merits at length in her Complaint.

        3. The Defendants, City of Sacramento, in the first place, used a criminal law

2

(Sacramento Code Section 9.16.140 and California Penal Code section 602(k) stating any further entry upon the property described above after being served with this notice will be viewed as having purpose of injuring the property or interfering, obstructing, or injuring the lawful business carried on by the premises or engaging in disorderly conduct. This was a civil matter. The Plaintiff never violated any part of these penal codes. It was not the City of Sacramento's authority to remove the Plaintiff from her place of worship. *In this situation when the state and federal law conflict, federal law displaces, or preempts, state law, due to the Supremacy Clause of the Constitution. U.S. Constitution Article VI., Section 2.* Preemption applies regardless of whether the conflicting laws come from legislatures, courts, administrative agencies, or constitutions.  The City Police Department injured the Plaintiff by violating her First Amendment rights, because under the First Amendment Act the City Police cannot interfere with Plaintiff's rights to religious worship. They did not have a federal court order, nor did the church have a federal court order stating that the Plaintiff had to be removed from her place of worship because she was in violation of the criminal acts as listed in the Notice of Trespass. The Temple is a 501(c)(3) corporation. They have dedicated their corporation to addressing the needs of the community and public they serve. If the Plaintiff did not violate any acts as described in the Notice of Trespass, there was no cause for the Sacramento City Police to be involved with removing the Plaintiff from her place of worship. The Sacramento City Police should have remained neutral in this matter until there was a court order for them to enforce (with cause) preventing the Plaintiff from entering the Temple.

    4. The Police Officers did not arrive with a court order to remove the Plaintiff from her place of worship. When the Sacramento Police Officers arrived at the Temple, they sent another worshiper into the Temple to tell the Plaintiff they needed to talk with her. Plaintiff

3

had to get up from her regular worship service and go out to meet with the City Police Officers. When she met with the Officers, they asked her if she had been given a Trespass Notice. Plaintiff told the Officers she had not been given such notice. Plaintiff showed the Officers the Witness Deposition Notice which she is a witness for a labor law case involving the Temple. Officers told Plaintiff that was a civil matter. One of the Officers went into the Temple with another Temple member. When the Officer returned, he had a Trespass Notice already filed out to be given to the Plaintiff. The Officers did not witness the Plaintiff being involved in any criminal act (no injuries to anyone or property damage, no interfering with usual business of the Temple, no obstruction, or injuries preventing the lawful business carried on by the Temple or engaging in disorderly conduct) that would justify the Trespass Notice that violated her rights to worship and to be removed from the Temple. The City Police Officers had no jurisdictional authority to remove the Plaintiff from her place of worship, they did not provide the Plaintiff with any other judicial orders along with the Notice of Trespass justifying removing Plaintiff from her place of worship, thereby violating her First Amendment rights to freedom to religious worship.

5. The Sacramento City Police Officers injured the Plaintiff, they humiliated Plaintiff in front of other Temple worshipers. The Defendants violated Plaintiff rights under federal laws and made it impossible for the Plaintiff to return to her place of worship to practice her religion. The Plaintiff is only requesting of the Defendants that they terminate or withdraw the Notice of Trespass to enable her to return to her place of worship, where she has been a member for the last ten (10) years, and allow this matter to continue as a civil matter.

THEREFORE, the Plaintiff requests that the court deny the Defendants' Motion to dismiss her case, and in the alternative, allow the Plaintiff, if her complaint is inadequate, to amend her complaint.

Dated:  April 20, 2024

*/s/ Vineeta Devi*
_____
VINEETA DEVI, Plaintiff

## CERTIFICATE OF SERVICE BY MAIL

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

**CASE NAME: VINEETA DEVI vs. SACRAMENTO BHARTIYA SABHA, et. al.**
**CASE NO.:   2:24-CV00689-DJC-CKD**

**I declare that:**

I am employed in the County of Sacramento, State of California, I am over the age of 18 and not a party to the within action. My business address is 7000 Franklin Blvd, Suite #340, Sacramento, CA  95823

On April 20, 2024, I served the following documents:

### PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF SACRAMENTO'S MOTION TO DISMISS UNDER FRCP RULE 12(b)(6)

**By United States Mail,** I enclosed the documents in a sealed envelope, or a package addressed to the person (s) at the address listed below.
I placed such an envelope for collection and mailing, following my ordinary business practices. I am readily familiar with the practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employee in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, California. Addressed as follows:

See attached PROOF OF SERVICE MAILING LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 4/20 , 2024                    _Dorothy Vaughn_
                                       DOROTHY VAUGHN

## PROOF OF SERVICE MAIALING LIST

SUSANA ALCALA WOOD
City Attorney
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814

DAVID S. KIM
Deputy City Attorney
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814