1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

VINEETA DEVI,

No.  2:24-cv-00689-DJC-CKD PS

12

Plaintiff,

13

v.

ORDER

14

SACRAMENTO BHARTIYA SABHA, et al.,

15

16

Defendants.

17

18

19

Plaintiff Vineeta Devi paid the filing fee and filed this civil action without counsel.  This

20

matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

21

Presently before the Court is defendant City of Sacramento's ("City") motion to dismiss

22

plaintiff's complaint (ECF No. 4), and defendant Sacramento Bhartiya Sabha Church

23

Corporation's[1] ("Church") motion to dismiss plaintiff's complaint (ECF No. 8).  The Court took

24

the matter under submission without oral argument pursuant to Local Rule 230(g).  (ECF No. 16.)

25

For the reasons set forth below, the complaint fails to state a claim against the moving defendants.

26

The defendants' motions to dismiss (ECF Nos. 4, 8) are GRANTED, and the claims against them

27

28

---

[1]  The Church defendant was erroneously sued as "Sacramento Bhartiya Saha (dba) Shree Laxmi Narayan Mandir."  (ECF No. 8 at 1.)

1 in the complaint dismissed with leave to amend.

2 **I.    Procedural Background**

3        Plaintiff filed her complaint on March 5, 2024.  (ECF No. 1.)  On March 25, 2024, the

4 City defendant moved to dismiss (ECF No. 4), and on April 3, 2024, the Church defendant moved

5 to dismiss (ECF No. 8).  Both motions are fully briefed.[2]  (*See* ECF Nos. 11, 12, 13, 14.)

6 **II.    Allegations in the Complaint**

7        Plaintiff brings this action against the City and Church defendants, alleging that her First

8 Amendment rights to free speech and religion were violated.  (ECF No. 1 at 6.)  She states that

9 the Board of Trustees and the President of the Church defendant prohibited her from entering the

10 Church and "exercising her rights to freely practice her religious beliefs and to her rights to free

11 speech" under the First Amendment.  (*Id.*)  She alleges that she was removed from the Church

12 because the Church defendant did not approve of plaintiff's opinions and questions and was

13 attempting to stop her from stating these opinions.  (*Id.*)

14        Plaintiff alleges that the Church defendant had her removed by the City of Sacramento

15 Police Department.  (*Id.*)  The City defendant served her with a trespass notice and removed her

16 from the Church.  Plaintiff alleges that she, along with other Church members, was not allowed to

17 participate in Church activities unless she paid a fee.  Plaintiff also alleges that the Church

18 defendant is a nonprofit organization.  (*Id.*)  Plaintiff states that she was threatened with arrest if

19 she voiced her opinion.  Plaintiff further states that the Church defendant Board and President

20 "slandered" her by accusing her of "going against the [Church defendant] and their religious

21 beliefs."  (*Id.*)  Plaintiff alleges she was removed from the Church when she opposed the

22 accusations, and that she was not allowed to practice her religion.

23 **III.   Legal Standards**

24        **A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

25        Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory

26

27 ───────────────

[2]  Plaintiff's oppositions to both motions were filed over fourteen days after defendants filed their
motions to dismiss.  *See* ECF Nos. 11, 12; E.D. Cal. Local Rule 230(c).  However, the Court has
28 reviewed and will consider plaintiff's oppositions.

1    or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

2    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  In evaluating whether a complaint states a claim

3    on which relief may be granted, the court accepts as true the allegations in the complaint and

4    construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*,

5    467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

6        "[R]ecitals of the elements of a cause of action, supported by mere conclusory statements,

7    do not suffice" to state a valid claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A

8    complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of

9    the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To

10   state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is

11   plausible on its face." *Id.* at 570.  A claim that is plausible on its face has sufficient factual

12   content to allow a reasonable inference that the defendant is liable for the misconduct alleged.

13   *Iqbal*, 556 U.S. at 678.  This plausibility standard "asks for more than a sheer possibility that a

14   defendant has acted unlawfully." *Id.*

15       The court must construe a pro se pleading liberally to determine whether it states a claim

16   and, before dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an

17   opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  *See*

18   *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *accord Balistreri*, 901 F.2d at

19   699 (stating that "pro se pleadings are liberally construed, particularly where civil rights claims

20   are involved"); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that

21   courts continue to construe pro se filings liberally even when evaluating them under the standard

22   in *Iqbal*).  But courts need not accept as true allegations that are merely conclusory, unwarranted

23   deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979,

24   988 (9th Cir. 2001).

25       **B.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)**

26       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject

27   matter jurisdiction of the court.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40

28   (9th Cir. 2003).  "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face

3

1  of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328

2  F.3d 1136, 1139 (9th Cir. 2003). Thus, a jurisdictional challenge can be either facial or factual.

3  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

4      In a facial attack, the moving party asserts that the allegations contained in the complaint

5  are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373

6  F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack, the court must accept the

7  factual allegations in the plaintiff's complaint as true. *Whisnant v. United States*, 400 F.3d 1177,

8  1179 (9th Cir. 2005).

9      A federal district court generally has jurisdiction over a civil action when: (1) a federal

10  question is presented in an action "arising under the Constitution, laws, or treaties of the United

11  States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds

12  $75,000. 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim,

13  which requires an injury in fact caused by defendant(s) that may be redressed in court. *Harrison*

14  *v. Kernan*, 971 F.3d 1069, 1073 (9th Cir. 2020).

15  **IV.    Discussion**

16      **A. First Amendment Claims**

17      Plaintiff alleges causes of action against defendants for violation of her First Amendment

18  rights to free speech and free exercise of religion. 42 U.S.C. § 1983 provides a cause of action for

19  the violation of a plaintiff's constitutional rights by persons acting under color of state law.[3]

20  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. County of Los Angeles*, 442

21  F.3d 1178, 1185 (9th Cir. 2006). While plaintiff does not specifically state that her claims are

22  bring brought under § 1983, the court liberally construes plaintiff's claims against defendants as

23  constitutional claims brought under § 1983. *See Stone v. Conrad Preby's*, 2013 WL 139939, at

24

---

25  [3] On plaintiff's civil cover sheet attached to her complaint, she states that she is filing under
   "Title VII of the Civil Rights Act of 1964, and amended, 42 U.S.C. Section 2000e, et seq." (ECF

26  No. 1-1 at 1.) "The primary purpose of Title VII is to make persons whole for injuries suffered
   on account of unlawful employment discrimination." *Odima v. Westin Tucson Hotel*, 53 F.3d

27  1484, 1495 (9th Cir. 1995) (citation omitted). However, plaintiff does not state any facts
   supporting a claim under this statute or indicate that she is alleging employment discrimination.

28  Accordingly, the Court will not address this issue.

4

1   *2 (S.D. Cal. Jan. 10, 2013); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th

2   Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.  We

3   have previously held that a litigant complaining of a violation of a constitutional right must utilize

4   42 U.S.C. § 1983.")  To state a claim under § 1983, a plaintiff is required to show that (1) each

5   defendant acted under color of state law, and (2) each defendant deprived her of rights secured by

6   the Constitution or laws of the United States. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.

7   1997).  There is no respondeat superior liability under § 1983, and therefore, each defendant is

8   only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677.

9        The First Amendment provides that "Congress shall make no law . . . prohibiting the free

10  exercise [of religion]; or abridging the freedom of speech."  U.S. Const. amend. I.  The

11  Fourteenth Amendment makes the First Amendment applicable against the States:  "No State

12  shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

13  United States; nor shall any State deprive any person of life, liberty, or property, without due

14  process of law . . . ."  U.S. Const. amend XIV, § 1.  "The text and original meaning of those

15  Amendments, as well as this Court's longstanding precedents, establish that the Free Speech

16  Clause prohibits only governmental abridgment of speech.  The Free Speech Clause does not

17  prohibit private abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802,

18  808 (2019) (emphasis omitted).  Further, the Free Exercise Clause of the First Amendment

19  prevents the government from restricting an individual's religious beliefs. *See Employment*

20  *Division, Dept. of Human Resources of Oregon, et al. v. Smith*, 494 U.S. 872, 877 (1990).  To

21  state a claim for a violation of the First Amendment, plaintiff must allege facts sufficient to show

22  that defendants acted under the color of state law.

23        **B.  Defendant City of Sacramento's Motion to Dismiss (ECF No. 4)**

24        The City defendant moves to dismiss plaintiff's complaint on the ground that plaintiff's

25  constitutional claims against the City defendant are effectively *Monell* claims under 42 U.S.C.

26  § 1983 and plaintiff has not identified a City policy or custom causing her injury.  (ECF No. 4-1

27  at 3.)  Plaintiff opposed the motion, arguing that local officials must still comply with the United

28  States Constitution, including the First Amendment, and that it is not the City defendant's place

5

1   to remove her from her place of worship.  (ECF No. 11 at 2-3.)  Plaintiff is also requesting that

2   the City defendant terminate the notice of trespass and allow her to return to her place of worship.

3   (*Id.* at 4.)

4            Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978),

5   "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice,

6   or custom of the entity can be shown to be a moving force behind a violation of constitutional

7   rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S.

8   at 694).  A policy is "a deliberate choice to follow a course of action . . . made from among

9   various alternatives by the official or officials responsible for establishing final policy with

10  respect to the subject matter in question." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d

11  1470, 1477 (9th Cir. 1992) (citation omitted).  A custom is a "widespread practice that, although

12  not authorized by written law or express municipal policy, is so permanent and well-settled as to

13  constitute a custom or usage with the force of law." *Young v. City of Visalia*, 687 F. Supp. 2d

14  1141, 1147 (E.D. Cal. 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

15  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be

16  founded upon practices of sufficient duration, frequency and consistency that the conduct has

17  become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.

18  1996).  After establishing one of the methods of liability, "a plaintiff must also show that the

19  circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional

20  deprivation." *Id.*

21           Here, plaintiff has not provided facts sufficient to show that her First Amendment rights

22  were violated because of a custom or policy of the City defendant.  Plaintiff alleges that the City

23  of Sacramento Police Department issued her a notice of trespass and removed her from the

24  Church premises.  Even still, she makes no allegations that this removal was done pursuant to a

25  City policy or allege with specificity a pattern of incidents.  She also does name any specific

26  police officers that removed her from the Church.  Accordingly, plaintiff's complaint against the

27  City defendant fails to state a claim.

28  ////

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020); Fed. R. Civ. P. 15(a) (stating that leave to amend should be freely granted when justice so requires). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Plaintiff's claims against the City defendant are dismissed, and plaintiff is granted leave to amend her claim against the City defendant to the extent she can allege additional facts supporting her claim.

### C. Defendant Sacramento Bhartiya Sabha Church Corporation's Motion to Dismiss (ECF No. 8)

The Church defendant moves to dismiss plaintiff's complaint for failure to state a claim and for lack of subject matter jurisdiction. The Church defendant argues that it is not a state actor, and that plaintiff's claims are clearly state-law claims that she is attempting to portray as federal claims to obtain federal jurisdiction. (ECF No. 8-1 at 3-4, 6.) Plaintiff opposed the motion, arguing that non-profit organizations must comply with federal and state constitutional laws, that the Church defendant barred plaintiff from the Church because she is a witness in a labor lawsuit against the Church and because she was asking questions that the Church defendant's board refused to answer. (ECF No. 12 at 2.) The Church defendant filed a reply, arguing that plaintiff is asking the Court to "infringe upon the independence of this religious institution." (ECF No. 14 at 3.)

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of state law, [the Court] start[s] with the presumption that private conduct does not constitute governmental action."). However, a private entity's action may be "under color of state law" where there is "significant state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the

7

deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted). Courts have recognized four tests to determine whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Franklin*, 312 F.3d at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). "While these factors are helpful in determining the significance of state involvement, there is no specific formula for defining state action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999) (citation omitted).

In plaintiff's opposition, she appears to argue that the Church defendant is a state actor under the public function test. (ECF No. 12 at 4 ("[C]ourt decisions that address whether a private person or entity is acting as a state actor typically look at whether that person is performing a function usually reserved to the government . . . ."). Plaintiff states that the Church defendant has "put [itself] in the position to bar the Plaintiff from her place of worship without probable cause, which should have been left up to the state or federal courts, based on good cause, to bar the [plaintiff] from her place of worship." (ECF No. 12 at 4.) Plaintiff argues that the Church defendant has "used a 'private action' to force a law against" plaintiff. (*Id.*) Accordingly, the Court will address whether plaintiff has alleged that the Church defendant is a state actor under the public function test.

Under the public function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Lee*, 276 F.3d at 554-55 (citation omitted). "The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted).

Plaintiff has not made the required showing under the public function test. The Church defendant is a private party. *See Rotchford v. Johnson & Johnson*, 2019 WL 2453113, at *2

1  (W.D. Wash. May 14, 2019); *see also Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1114 (D. Nev.

2  2004) ("Neither the Church nor its members are state actors for § 1983 purposes.").  In order to

3  successfully bring her claim, plaintiff has to show that there is significant state involvement in the

4  private party's actions.  Plaintiff has made no allegations that the Church defendant's alleged

5  decision to exclude her from the Church is a "traditionally and exclusively governmental"

6  function.  She also has not demonstrated that there was "significant" state involvement in the

7  Church defendant's alleged decision to remove her from the Church.  To the extent plaintiff's

8  complaint can been seen to allege that the Church defendant was a state actor because it had

9  plaintiff removed by the City of Sacramento Police Department (*see* ECF No. 1 at 6), "merely

10 complaining to the police does not convert a private party into a state actor." *Collins v.*

11 *Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

12      Plaintiff has not alleged facts sufficient to show that the Church defendant is acting under

13 the color of state law.[4] *See Whitsitt v. San Joaquin County Mental Health*, 2023 WL 4627666, at

14 *2 (E.D. Cal. July 19, 2023) (dismissing First Amendment claim under § 1983 against church

15 because it was not a state actor); *Hui Son Lye v. City of Lacey*, 2012 WL 2564902, at *3 (W.D.

16 Wash. June 29, 2012) (dismissing First Amendment claim against church for alleged exclusion

17 from church because plaintiff did not sufficiently allege church was a state actor).

18      The Church defendant also argues that plaintiff's claims are "clearly state-law claims

19 colored as infringement of her constitutional rights in an attempt to seek jurisdiction in federal

20 court." (ECF No. 8-1 at 6.)  A claim may be dismissed for lack of subject matter jurisdiction

21 where the alleged claim clearly is immaterial and made to obtain federal jurisdiction, or where the

22 claim is insubstantial and frivolous.  *Safe Air for Everyone*, 373 F.3d at 1039.  The court does not

23

---

24  [4]  Plaintiff appears to also argue that the Church defendant's alleged status as a 501(c)(3) non-
profit organization impacts her ability to bring a claim.  (*See* ECF No. 12 at 2; ECF No. 14 at 3.)

25  However, non-profit status alone does not determine whether an entity is a state actor.  *See H.S. v.
AQUA EMPS Booster Club*, 2014 WL 3362331, at *5 (E.D. Cal. July 9, 2014) (finding non-profit

26  not to be a state actor under § 1983); *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161,

27  1171 (9th Cir. 2021) (same); *see also Stone v. Elohim, Inc.*, 336 F. App'x 841, 843 (10th Cir.
2009) (unpublished) ("Tax exempt status alone, however, does not transform a corporation from a

28  private institution to a state actor.").

9

1   agree that plaintiff's claims are "clearly" state law claims disguised as federal claims to obtain

2   federal jurisdiction.  Construing plaintiff's complaint liberally and taking the allegations as true,

3   the Church defendant did not allow her to access the Church, which prevented her from practicing

4   her religion.  Plaintiff has brought this claim under the First Amendment, and it is her burden to

5   show that the Church defendant is a state actor, which she has not done.

6       Accordingly, plaintiff's claim against the Church defendant is dismissed with leave to

7   amend to the extent she can allege additional facts that support her claim.  *See Ayers v.*

8   *Fellowship of Christian Athletes*, 2019 WL 1493186, at *6-7 (E.D. Cal. Apr. 4, 2019) (dismissing

9   § 1983 claim against church without prejudice for failure to plead state action); *Cato*, 70 F.3d at

10  1106.

11  **V.    Conclusion**

12      For the reasons set forth above, IT IS HEREBY ORDERED that:

13          1.  Defendant City of Sacramento's motion to dismiss (ECF No. 4) is GRANTED;

14              a.   Plaintiff's claim against the City defendant is dismissed with leave to

15                  amend;

16          2.  Defendant Sacramento Bhartiya Sabha Church Corporation's motion to dismiss

17              (ECF No. 8) is GRANTED; and

18              a.  Plaintiff's claim against the Church defendant is dismissed with leave to

19                  amend.

20  Dated:  January 27, 2025

21                                      _____
                                        CAROLYN K. DELANEY
22                                      UNITED STATES MAGISTRATE JUDGE

23

24  5, devi.0689.24

25

26

27

28