VINEETA DEVI
2545 Fulton Avenue, Apt. #32
Sacramento, CA  95821

(916) 921-6811
Email: vineetadevi2005@yahoo.com
Plaintiff in Pro Per

**FILED**

FEB 25 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VINEETA DEVI**<br><br>**Plaintiff,**<br><br>VS.<br><br>**SACRAMENTO BHARTIYA SABHA (DBA), SHREE LAXMI NARAYAN MANDIR; AND CITY OF SACRAMENTO, DOES 1-50, INCLUSIVE,**<br><br>**Defendants.** | CASE NO.: 2:24-CV00689-DJC-CKD<br><br>**AMENDED COMPLAINT FOR A CIVIL CASE** |

## FIRST AMENDED COMPLAINT

Plaintiff, VINEETA DEVI, files this First Amended Complaint, and alleges the following:

## NATURE OF ACTION

The Plaintiff was prohibited by Defendants, Board of Trustees and president of the Sacramento Bhartify Sabha (aba) Shree Laxmi Narayan Mandir (hereinafter" Temple") from entering and exercising her rights to freely practice her religious beliefs and her rights to free speech pursuant to the United States Constitution First Amendment.  The Plaintiff was barred

1

from attending church services by a trespass notice served by the Defendant, City of Sacramento (hereinafter "City") Police. There were two police officers (Police Officer Helmich, badge 589, the second Police Officer did not identify himself) who came to the Temple to serve the Trespass Notice. On January 9, 2024, the Plaintiff was attending Temple service as she normally do. The church Secretary came to her and stated there were Police Officers out front who wanted to see her. The Plaintiff interrupted her prayer service and went outside and met with the two Sacramento City Police Officers. One of the Officers (unknown officer) stayed with the Plaintiff. The officer Helmich left with the Secretary and three-four other temple members. Officer Helmich asked the Plaintiff if she had been given a Trespass Notice. She answered no. Officer Helmich did not give her the Trespass Notice but told her that it was reported by a Temple member that she was making a disturbance at the church. Someone from the church had called the same day and reported that the Plaintiff was causing a disturbance at the Temple. The Plaintiff asked Officer Helmich to check the security camera which would prove that she was not making a disturbance and was only attending her usual Temple services and to explain to her where the disturbance was being made. Officer Helmich said no. The Sacramento police Department General Order states under Section F: *Protected Speech/First Amendment Issues: (1) Penal Code Section 602.1 deals with trespass at a privately-owned business (e.g. large retail store). Per this Section, no person may:*

>   *(a) Interfere with a lawful business or occupation carried on by the owner or agent of a business open to the public.*
>
>   *(b) Obstruct or intimidate employees or their customers.*
>
>   *(c) Refuse to leave after being requested to do so by the owner/agent or a peace officer acting at the request of the owner/agent.*

The Plaintiff had not violated any of the above penal code violations. She was not obstructing anyone entrance into the Temple, she was not interfering with the operation of the Temple, nor was she asked on that day to leave the temple by an agent of the Temple and refused to leave.

While the Plaintiff was speaking with Officer Helmich, the other Officer was with Temple members for approximately fifteen to twenty minutes. When the Officer came out of the meeting with the Temple members he gave the Trespass Notice to the Plaintiff. The plaintiff asked the Officers why they were doing this. Plaintiff told the Officers about her disagreement

2

with the Temple regarding other temple matters, and she believed the Temple President was retaliating against her because she was asking sensitive questions regarding the financial matters and such matters regarding the temple administration. The Officer said that was a civil matter. Plaintiff asked the Police Officer why was he serving her with a Trespass Notice, which was a criminal matter, if this was a civil matter? The Police Officers had a blank trespass form and completed the form after their discussion with the Temple Board members. The Board members told the Police Officers that they did not want Plaintiff at the Temple. Neither Police Officer questioned the Plaintiff about what problems were there between her the Temple Board. *The Sacramento City Police Officers made a judgment call to issue the Trespass Notice without discussing the issues presented to them that justified the Police Officers issuing her the Trespass Notice and giving Plaintiff three minutes to leave the Temple. Even though there were no signs of disturbances or the Plaintiff obstructing, blocking or preventing other Temple members from participating in Temple services, they served her the Trespass Notice and instructed her to leave the temple. The Plaintiff had no choice but to leave the temple and her participation in temple services. The Police Officers denied the Plaintiff the right to prove she had not committed a criminal act at the Temple. But the Police Officers made her leave her place of worship without proper cause, this was not a criminal matter, but a civil matter which the Police Officers ignored and solely went by the accusations of the Temple members.*

Plaintiff was a member of the Temple for over ten years and on October 23, 2023, the Temple Board members signed a petition to prevent the Plaintiff from attending services at the Temple and to be removed as a Temple member. Because the Plaintiff voiced her opinions and concerns and also filed a complaint with the superior court to order an audit with IRS or the Attorney General Office because of her investigative findings and asked questions of the Board of Trustees and the Board President. The Board never answered any questions or request for information she requested of the Board of Trustees. The Board President became angry and refused to discuss these issues with Plaintiff. The Plaintiff was an active member of the Temple and attended Temple services on a regular basis and had a right to voice her concerns. The Temple Board of Trustees retaliated against the Plaintiff because of her concerns regarding the financial functions of the Temple and such other temple concerns. They retaliated against Plaintiff by attempting to remove her from the Temple, thereby violating her rights to free speech

3

and her religious rights to freely worship at the Temple. And to participate in Temple activities as she had done for years. The Plaintiff questioned the Temple Board members regarding (a) the Temple's accounting system, which was not the same accounting information they submitted to IRS. (b) About money missing from church-money which was supposed to be wired between USA and Inda went missing with no explanation to Temple members. (c) Why the Church EIN was changed by the Temple president without the consent or knowledge of the Temple Board members. (d) An occasion when the Temple raised over $110,000 which the Temple accounting did not reflect this money. There were other such concerns the Plaintiff questioned the Temple Board members. But the exposure the Plaintiff made to the general church membership caused the Temple officials to accuse her of disrupting the functions of the church by exposing her investigative findings to the general temple members. The Temple Board president hired a security guard and instructed him to bring a gun to the Temple. The security guard was hired specifically to watch the Plaintiff. The Security guard was hired to intimidate the Plaintiff and to harass her so she would not attend the Temple. The security guard followed the Plaintiff around when she was attending services at the Temple. He stopped her at the Temple gate on one occasion and would not let her in the Temple. The plaintiff asked if he had a court order to prevent her from entering the Temple, the security guard had to let her into the Temple because there was no such order from the court. Plaintiff was a regular Monday, Tuesday Temple goer in addition to attending all religious holidays at the Temple. And never make any commotion that would disturb the usual functions of the church, other than the questions she asked of the Temple Board and the Temple president which made them uncomfortable.

To stop Plaintiff from stating her opinion and asking questions, the Temple Board took their revenge against the Plaintiff by voting to have her barred from the Temple, thereby violating her rights to free speech and religious rights based on the First Amendment of the United States Constitution. The Temple Board members had the Plaintiff removed from the Temple with the Trespass Notice on January o9, 2024, although she had not committed a criminal act against the Temple Board or the general Temple membership. Since there were no criminal disturbances made by the Plaintiff against the Temple Board and the Temple general membership, the Temple Board members had no valid reason to have the Plaintiff removed from the Temple. Threats were made to Plaintiff by Temple Board members that if she voiced her

4

opinion regarding any church issues she would be arrested. The Plaintiff's reputation as a loyal Temple member has been slandered as the Temple Board retaliated against her for her attempts to make sure the Temple was functioning by their by-laws and protecting the financial standard of the Temple. The Temple Board and its President accused the Plaintiff of going against the Temple and their religious beliefs, without explaining what religious beliefs the Plaintiff had upset. Because the Plaintiff opposed the actions of the Temple Board and its President and opposed the accusations and threats made by the Temple Board and their president, she was thereby removed from the temple and not allowed to continue to enter the Temple to practice her religious beliefs and practices.

This is an action that violates the Plaintiffs First Amendment of the U.S. Constitution which guarantees the right to free exercise of religion. This includes the right to attend and participate in religious services without undue interference. Also, the Sacramento City Police took actions that infringed upon this right. Serving a trespass notice to bar Plaintiff from attending church services can be seen as a government action. Pursuant to **42 U.S. C. Section 1983,** it allows individuals to sue for civil rights violations, including First Amendment infringements.

## PARTIES

1. Plaintiff is VINEETA DEVI, is an individual residing at 2545 Fulton Avenue, Apt. #32 Sacramento, California 95821, County of Sacramento. Phone Number (315) 921-6811 (hereinafter referred to as Plaintiff)

2. The Defendant(s) No.1, is SACRAMENTO BHARTIYA SABHA (dba) SHREE LAXMI NARAYAN MANDIR, is a nonprofit organization, organized and existing under the laws of California and 501(c)(3) Federal nonprofit regulations. Principal place of business at 7495 Elder Creek Road, Sacramento, California 95824, County of Sacramento. Phone Number (916) 383-4206 (hereinafter referred to as "Temple").

3. Defendant No. 2 is the City of Sacramento, City of Sacramento Police Department, a public entity located at: 915 I Street, Sacramento, California 95814, County of Sacramento, (hereinafter referred to as Defendant "City of Sacramento").

4. Defendants 3 and 4, are individuals who are agents for the City of Sacramento, Employed as police officers with the City of Sacramento Police Department. Officer Helmich,

badge No. 589 and second police Officer name and badge number unknown to the Plaintiff.

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction for this action pursuant to **42 U.S.C.**
**Section 1983,** which allows individuals to sue for civil rights violations, including First
Amendment infringements.  The First Amendment guarantees the right to free exercise of
religion and of free speech.

## FEDERAL QUESTION

6.   The plaintiff was denied her First Amendment guarantee to the right to free exercise
of religion.  The government action by the Defendant "City" was acting under the color of state
law, when they served a trespass notice to the Plaintiff having her removed from her place of
worship.  The Plaintiff believe the action of the Defendant "Temple" by issuing the Trespass
Notice was in retaliation of her investigative findings about the Defendant "Temple".  The
chilling effect of the trespass notice prevented the Plaintiff from attending temple services, thus
preventing her exercise of her religious rights under the First Amendment of the United States
Constitution.  The question is whether the actions of the Defendant "Temple" and the Defendant
"City", violated the Plaintiff's First Amendment rights to religious freedom in her place of
worship. And whether the Defendants can honestly state that the Plaintiff entered the church for
the purpose of "damaging any temple property, or with specific intent of interfering, obstructing
or injuring the lawful business carried on by the temple.

## FACTUAL BACKGROUND
### Plaintiff was denied her First Amendment right
### To exercise her religion.

7.   The Plaintiff was prohibited by the Defendant "Temple" (Board of Trustees and
president of the "Temple"), from freely entering the "Temple" and exercising her rights to freely
practice her religions beliefs and her right to free speech pursuant to the United States

6

Constitution First Amendment. The Plaintiff was removed from the Temple because she voiced her opinions and asked questions of the Board of Trustees and Temple President and she was a witness against the temple in a labor lawsuit. Because the Board of Trustees and the Temple President did not approve of and refused to discuss temple issues with the Plaintiff.

8.    They claimed in a "Removal Petition" (See Exhibit #1), that the Plaintiff made (1) false accusation of sexual harassment by the temple officials (2) made false accusation of money laundering by the temple officials (3) filed lawsuits without proper evidence and theory (4) displayed disrespect to the respectable priest of the temple (5) published misleading information by means of social media, damaging the reputation of the organization and is officials, and (6) Persuaded and convinced other devotees against the organization and its official, which none of these allegations were of a criminal nature. Before the Temple Board of Trustees signed and issued this Petition for Removal, the Plaintiff was not provided a hearing to address the accusations made by the Temple Board of Trustees. The Plaintiff was not given the opportunity to address these allegations to support her not being removed from the Temple and to protect her right to religious freedom as a member of the Temple.

9.    *This action was taken in retaliation for the Plaintiff's investigative findings regarding the functions of the church by the Temple Board of Trustees and the President of the church. The Plaintiff did not commit any criminal act against the church and did not interfere with the lawful business or services carried on by the Temple. Plaintiff did not obstruct or intimidate the Temple Board of Trustees or obstruct any Temple member from enjoying and participating in Temple services and programs. She did not obstruct any Temple member from entering the Temple to freely practice their religious freedom or damaged any temple property.*

10.    On January 09, 2024, the Plaintiff was removed from the Temple by agents of the City of Sacramento, by a Notice of Trespass Official Notice denying her access to the Temple and the police officers who was summoned to the Temple, was summoned on the allegations that the Plaintiff was causing a disturbance at the Temple. Ajay Kumar completed the Notice of Trespass, describing himself as the actual owner of the property, lessee or person in charge of the private property or business premises. Mr. Kumar gave the notice to the Sacramento City police officer to give to the Plaintiff and to have her removed from the Temple. The Sacramento City police Officer Helmich, badge #589, gave the Plaintiff the Trespass Notice and told her she had

7

three minutes to vacate the Temple. The Plaintiff tried to describe the situation between her and the Temple, but the police Officer told her that it was a civil matter that she had to take to the civil court.

11. Even though the Police Officer identified the situation as a civil matter (there was no evidence of a disturbances being made or had been made at the Temple by the Plaintiff), Plaintiff was still removed from the Temple and not allowed entrance back into the Temple to continue her practice of her religious beliefs.

12. The Plaintiff's is a long-time member of the Temple and has attended the Temple services and religious activities for over ten years. When the Temple Board of Trustees signed the Petition to remove her on October 23, 2023, they ruined her reputation as a loyal Temple member and slandered her name within the Temple organization. The action to remove the Plaintiff from the Temple was taken in retaliation for the Plaintiff's investigative findings about the Temple Board of Trustees and the Temple Board President and her being a witness in a labor suit against the temple.

13. The Sacramento City Police Officers, acting under the color of state law, served the Trespass Notice, thereby illegally removing the Plaintiff from her place of worship. The trespass notice prevented the Plaintiff from attending temple services, thus preventing her exercise of religious rights at the facility of her choice. The police officer (name unknown) identified the situation as a civil matter, as the Plaintiff requested that the police office review the security camera in use for surveillance at the Temple. She asked that the police officers review the security camera footage to identify any disturbances that she made that would have prompted the Temple Board member to call the police department and accuse her of such disturbances. The Police Officers would not review the security camera footage. *The Plaintiff has a right to freely exercise her religion. And any government action infringing upon these rights must be scrutinized very carefully.*

## STATEMENT OF CLAIM

14. The Plaintiff is entitled to damages and relief based on the actions of the Defendant "Temple". The Defendant "Temple" by issuing the trespass notice, influenced by the

Temple Board of Trustees, specifically targets the Plaintiff's right to her religious practice. Thus, violating the "Free Exercise Clause" of the First Amendment of the Constitution. The trespass notice was not neutral or generally applicable but was instead a targeted action against the Plaintiff due to her investigative findings regarding the temple financial activities.

15.     The Plaintiff is entitled to damages and relief based on the actions of the Defendant "City" and their agents because government actions showing hostility towards religious beliefs are unconstitutional. When the police officers found that there were no criminal disturbances by the Plaintiff and indicated that the matter was a civil matter, by their actions of enforcing the trespass notice and making the Plaintiff leave her place of worship, showed hostility towards the Plaintiff and her religious beliefs. Defendant "City" acts were influenced by the Defendant "Temple" who acted with hostility towards the Plaintiff's religious practices. The Defendant "City" actions were unconstitutional.

16.     On January 09, 2023, the Defendant "City", served on the Plaintiff a trespass notice issued by the Defendant "Temple". The free exercise clause of the First Amendment to the constitution applies to the Fourteenth Amendment of the Constitution. The Defendant "City" actions of serving a trespass notice interfered with the Plaintiff free exercise of religion and free speech.

17.     The Plaintiff was damaged due to the inappropriate actions of the Defendant "City", whose agents (Officer Helmich and second unknown Officer), without listening to the Plaintiff's concerns regarding the allegations made by the Defendant "Temple" in the trespass notice, removed the Plaintiff from her place of worship thereby violating the Plaintiff 's right to exercise her religious practice as she is entitled under the First Amendment.

## RELIEF

18.     The Plaintiff was damaged by the Defendant(s) and request the following relief based on the actions of the Defendant(s) due to the violation of her First Amendment rights of the United States Constitution:

a.     The Plaintiff was inappropriately accused of allegations by the Defendant "Temple" without the Defendant "Temple" conducting a hearing or notice to the Plaintiff to confront the Defendant "Temple" and their accusations to request proof and evidence of the accusations made were true. The Plaintiff had no opportunity to defend her right to remain a

member of the temple which she was a member for ten years and freely worshiped and practiced her religious beliefs. The Plaintiff is requesting that the Trespass Notice issued and served on her by Defendant "City of Sacramento" on January 09, 2024, is terminated and all her rights as a member of the temple restored.

b.      The Plaintiff has suffered great emotional stress, anxiety and her name has been slandered by the Defendant "Temple" within the general membership of the temple. The Defendant "Temple" barred the Plaintiff from her place of worship, and threats were made by the Temple Board of Directors, specifically the President of the board, that he will never allow the Plaintiff to return to the Temple as a member allowing her to worship freely and to continue her religious practice. The Plaintiff is requesting financial compensation to exceed $75,000 or such an amount as the ordered by the court.

c.      The Defendant "City" police officers, on January 09, 2024, served the trespass notice on the Plaintiff and removed her from her place of religious worship. The Defendant "City" police officers took action against the Plaintiff that infringed upon her First Amendment claim. This action is seen as a government action which caused the Plaintiff to lose her First Amendment right, which guarantees her the right to freely exercise her religion. The Defendant "City" after careful consideration and review should not have been involved in this matter. As stated by Officer Helmich, it was a civil matter. The plaintiff is requesting compensation for her damages in the amount of $75,000.00 or such other amount ordered by the court.

d.      Find that this case is exceptional under **42 U.S.C. Section 1983** and award the Plaintiff reasonable attorney fees and costs.

e.      Award Plaintiff his costs to the full extent provided by law; and

f.      Orders such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

19.      Plaintiff hereby demands a jury trial on all claims, damages and any other issues presented herein that are triable to a jury.

Dated: February 21, 2025

VINEETA DEVI, Plaintiff

10

# EXHIBIT #1



### Sacramento Bhartiya Sabha dba
# SHREE LAXMI NARAYAN MANDIR

( 7495 Elder Creek Road, Sacramento, CA 95824 )

Phone: (916) 383-4206 • Email: Laxminarayan7495@gmail.com
President: Surendra Singh • Treasurer: Ram Charan / Richard Singh • Secretary: Kamal Chand • Asst. Sec. Rakesh Ram (Ricky)

## Ms. VINEETA DEVI REMOVAL PETITION

We, the undersigned official trustees, request the removal of Ms. Vineeta Devi from the LAXMI NARAYAN TEMPLE, SACRAMENTO, CA.

The specific grounds upon which Ms. VINEETA DEVI is sought to be removed and a concise, accurate, and complete synopsis of the specific facts that are alleged to warrant the removal on the grounds are as follows:

1. False accusation of sexual harassment by the temple officials
2. False accusation of money laundering by the temple officials
3. Filling lawsuits without proper evidence and theory
4. Displaying disrespect to the respectable priests of the temple
5. Publishing misleading information by means of social media, damaging the reputation of the organization and its officials
6. Persuading/convincing other devotees against the organization and its officials

### SIGNER'S OATH

"I solemnly swear (or affirm) that I am a trustee of Laxmi Narayan Temple (dba) Sacrament Bhartiya Sabha; I know the purpose and content of the petition; and I signed the petition only once and of my own free will. "

|   | Date | Name: First, Last | Signature | Print | Contact |
|---|------|-------------------|-----------|-------|---------|
| 1 | 10/22 | Mrs. Ablash Singh | | Rakesh Singh | 916-799-3462 |
| 2 | 10.10.28 | Pt. Abhiya Nand Maharaj | | Abhaya Nihai | 916-967-6276 |
| 3 | 10-22-23 | Mr. Ajay Kumar | | A Jcar /+ | 916-718-3785 |
| 4 | 11/18/22 | Mr. Bal Krishna Soin | | BAL SoiN | 916-519-2836 |
| 5 | 10-22-22 | Mr. Dhirend Singh | | DHIRENDRA | 916-470-6687 |
| 6 | 10/23/22 | Mr. Gyanendra Bhej | | G. BHEJ | 916-803-3008 |
| 7 | 10/22 | Mr. Hari Narayan | | H. NARAYAN | 916-335-3299 |



Sacramento Bhartiya Sabha dba

# SHREE LAXMI NARAYAN MANDIR

7495 Elder Creek Road, Sacramento, CA 95824

Phone: (916) 383-4206 • Email: Laxminarayan7495@gmail.com

President: Surendra Singh • Treasurer: Ram Charan / Richard Singh • Secretary: Kamal Chand • Asst. Sec. Rakesh Ram (Ricky)

## Ms. VINEETA DEVI REMOVAL PETITION

|    | Date     | Name: First, Last      | Signature | Print                | Contact        |
|----|----------|------------------------|-----------|----------------------|----------------|
| 8  | 10/22/23 | Mr. Jagdish Prasad     |           | Jagdish Prasad       | 916-288-7525   |
| 9  | 10/21    | Mr. Kamal Chand        |           | Kamal Chand          | 916-340-5910   |
| 10 |          | Mr. Madan Sharma       |           | Inactive             | 916-508-8939   |
| 11 | 11/02/23 | Dr. Rabindra Prasad    | ✓         | R Prasad             | 916-484-4343   |
| 12 | 10/21    | Me. Ram Charan         |           | Ram CHARAN           | 916-393-8463   |
| 13 | 10/28/23 | Mr. Richard Singh      |           | R Singh              | 916-681-4039   |
| 14 | 10/21/23 | Mr. Satish Singh       |           | SATISH SINGH         | 916-396-4177   |
| 15 |          | Mr. Subhash Sharma     |           | Inactive             | 916-821-7926   |
| 17 | 10/21/23 | Mr. Surendra Singh     |           | Surendra Singh       | 916-203-9147   |
| 18 | 11/22/23 | Ms. Uma Dinesh Chand   |           | Uma Dinesh           | 916-317-8732   |
| 19 | 10-22-23 | Mr. Vijay Kumar        |           | Vijay Kumar          | 916-796-5759   |
| 20 | 10/21/23 | Mr. Vikash Sharma      |           | Vikash Sharma        | 916-801-8556   |
| 21 | 10/21/25 | Rakesh Ram             |           | Rakesh Ram           | 916-712 6-29   |
| 22 | 10/4/25  | Reena Singh            |           | REENA SINGH          | (916) 402-2917 |

# EXHIBIT #2

# NOTICE OF TRESPASS
# OFFICIAL NOTICE

Case Number: _4-7761_

Date: _1/09/24_

| Name of business or property owner: | Address: |
|---|---|
| LAXMI NARAYAN TEMPLE | 7495 ELDER CREEK RD |
| | **Owner or agent giving notice (please print):** |
| | AJAY KUMAR |

**I am the:** ☑ Actual owner of the property, lessee or person in charge of the private property or business premises.

☐ Agent of the person described above and have been authorized to act as such by a Notice of Agency for the purposes of serving this Notice of Trespass.

**TO:** _VINEIIA DIVI_        **DOB:** _02/03/75_

**XREF:** _____

This official notice informs you that effective immediately, you are not permitted to enter or remain upon the private property or business premises located at the above location.

*Sacramento City Code section 9.16.140(B)(1): Trespass on Private Property or Business Premises:*
**It shall be unlawful for any person to enter or remain upon any private property or business premises after having been notified by the Owner or Agent to keep off or keep away therefrom. Such notification shall be provided by service of Notice of Trespass on such person.**

*California Penal Code section 602(k): Trespass upon Private Property:*
**Every person commits a trespass, a misdemeanor, if they enter any lands, fenced or not, for the purpose of injuring any property, or with the specific intent of interfering, obstructing or injuring the lawful business carried on by the premises.**

Based upon *Sacramento City Code section 9.16.140* and *California Penal Code section 602(k)*, any further entry upon the property described above after being served with this notice will be viewed as having the purpose of injuring the property or interfering, obstructing, or injuring the lawful business carried on by the premises or engaging in disorderly conduct.

Any violation of these sections is a misdemeanor, punishable by up to 6 months in jail and/or a fine.

## Proof of Service

I personally served this notice to _VINEIIA DEVI_ at the property located at
_7495 ELDER CREEK RD_ in Sacramento, California.

Date: _01/09/24_    Owner/Agent Signature: _____

**Officer:** _HELMICH_        **Badge:** _585_

| White Copy: Officer | Canary Copy: Owner/Agent | Pink Copy: Violator |
|---|---|---|

SPD 114 REV 10/09

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

VINEETA DEVI

**DEFENDANTS**

Sacramento Bhartiya Sabhadba Shree Laxmi Narayan Mandir; and City of Sacramento. Does 1-50. Inclusive

**(b)** County of Residence of First Listed Plaintiff   SACRAMENTO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SACRAMENTO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

IN PRO PER

Attorneys *(If Known)*

See attached attorneys names and addresses

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| [x] 1 | U.S. Government Plaintiff | [ ] 3 | Federal Question *(U.S. Government Not a Party)* |
| [ ] 2 | U.S. Government Defendant | [ ] 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Product Liability | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & | [ ] 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** [ ] 370 Other Fraud | **LABOR** [ ] 710 Fair Labor Standards | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | Exchange [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty **Other:** | **IMMIGRATION** [ ] 462 Naturalization Application | | Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| [x] 1 Original Proceeding | [ ] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another District *(specify)* | [ ] 6 Multidistrict Litigation - Transfer | [ ] 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C Section 1983

Brief description of cause:
Violation of the Plaintiff's First Amendment rights to exercise free religion and of free speech

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/21/2025

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

2:24-CV-689-DJC-CKD

VINEETA DEVI      vs. SACRAMENTO BHARTIYA SABHADBA SHREE LAXMI NARAYAN
MANDIR and CITY OF SACRAMENTO, DOES 1-50, INCLUSIVE
CASE NO.: 2:24-CV00689-DJC-CKD

CIVIL COVER SHEET

ATTORNEYS FOR DEFENDANTS:

1. ANDREW K. MURPHY, ESQ.
   ZACHERY A. ROSS, ESQ.
   CLAPP, MORONEY, VUCINICH
   BEEMAN+SCHELEY
   5860 Owens Drive, Suite 410
   Pleasanton, California 94588
   (Attorneys for Sacramento Bhartiya Church Corporation)

2. SUSANA ALCALA WOOD, City Attorney
   DAVID S. KIM, Deputy City Attorney
   CITY OF SACRAMENTO
   915 I Street, Room 4010
   Sacramento, CA 95814-2608
   (Attorneys for City of Sacramento)