1  Andrew K. Murphy, Esq.  SBN: 258102
       amurphy@clappmoroney.com
2  Zachery A. Ross_ Esq: SBN 294070
       zross@clappmoroney.com
3  CLAPP, MORONEY, VUCINICH,
   BEEMAN+SCHELEY
4  5860 Owens Drive, Suite 410
   Pleasanton, California  94588
5  Telephone: (925) 734-0990
   Facsimile: (925) 734-0888
6

7  Mary K. Talmachoff,  SBN. 258797
   BATES WINTER TALMACHOFF &
8  VANDERSLUYS LLP
   925 Highland Pointe Drive, Suite 380
9  Roseville, CA 95678
   Telephone: (916) 789-7080
10 Facsimile: (916) 789-7090

11 Attorney for Defendant
   SACRAMENTO BHARTIYA CHURCH
12 CORPORATION (erroneously sued as Sacramento
   Bhartiya Saha (dba) Sheree Laxmi Narayan Mandir)

13

14            UNITED STATES DISTRICT COURT

15            EASTERN DISTRICT OF CALIFORNIA

16 VINEETA DEVI,                          | Case No.: 2:24-CV-00689-DJC-CKD

17            Plaintiff,

18     v.                                 MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
                                          DEFENDANT SACRAMENTO BHARTIYA
19 SACRAMENTO BHARTIYA SABHA (dba)        CHRUCH CORPORATION'S MOTION
   SHREE LAXMI NARAYAN MANDIR AND         TO DISMISS
20 CITY OF SACRAMENTO, DOES 1-50,
   inclusive,                             DATE:      April 23, 2025
21                                        TIME:      10:00 a.m.
            Defendants.                   COURTROOM   24
22
                                          [Assigned for All Purposes to the Honorable
23                                        Carolyn Delaney in Courtroom 24]

24                                        Complaint filed:  March 5, 2024
                                          Trial Date:       None set
25

26 / / /

27 / / /

28 / / /

                                    1

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA  94588

## I.    **INTRODUCTION**

There is no basis for Plaintiff to argue that the Sacramento Bhartiya Church Corporation (Church) violated Plaintiff's First Amendment rights. This is Plaintiff's second attempt to claim that the Church acted under the color of state law in allegedly depriving her of First Amendment rights as a private actor.  Plaintiff filed her original Complaint on March 5, 2025.  The Church filed a Motion to Dismiss on April 2, 2024 on the basis that Plaintiff has no grounds to sue the Church, a private actor, for a First Amendment violation as a public actor. On January 27, 2025, the Court granted the Motion to Dismiss. The Court granted the Motion to Dismiss finding that Plaintiff, among other problems, "has not alleged facts sufficient to show that the Church defendant is acting under the color of state law."  Plaintiff was granted leave to amend to demonstrate how the Church was either a government entity or acted under the color of state law. Plaintiff filed the instant Amended Complaint, where she fails to change any of the allegations, or bring forward new legal authority. In fact, she has essentially changed no foundational elements of the previously dismissed Complaint. Rather, all she does is provide statements of alleged conduct of the Chuch which she purportedly complained about previously.

Plaintiff re-alleges in her Amended Complaint that the Church revoked her membership, removed her from the temple, and barred her from church premises. She concludes that such actions are violations of her First Amendment rights of speech and religion. As articulated in both the moving paper and this Court Order, violations of a person's First Amendment rights <u>may only occur through state action</u>. The Church is a private entity. This means that the Church would have to be shown to be performing acts that are historically by the government. Plaintiff's complaint contains no allegations establishing that the Church was acting under color of state law in revoking her membership and barring her from its premises, as none exist. All Plaintiff did was add irrelevant critiques of how the Church operates, which adds no substantive changes to fix her defective original Complaint.  In fact, all Plaintiff did was articulate her own complaints against the Church that were already dismissed by demurrer in Sacramento County Superior Court, Case No. 34-2020-0081938.

Accordingly, Plaintiff has failed to state a cognizable legal theory under which relief may be granted and her claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Further,

2

1    Plaintiff has had a chance to remedy her defective Complaint and cannot do so. As such, Plaintiff's

2    Amended Complaint must also be dismissed without leave to amend.

3                        **I.    SUMMARY OF FACTS**

4        Plaintiff filed her original complaint on March 5, 2025. (EFC No. 1.) In response, the Church

5    filed a Motion to Dismiss on April 2, 2024. (EFC No. 8.) The Motion argued that Plaintiff had not

6    established that the Church was a state actor or a private actor working under the color of state law.

7    On January 27, 2025 the Court granted the Motion to Dismiss. (EFC No. 17.) The Court held that

8    Plaintiff, among other issues, "has not alleged facts sufficient to show that the Church defendant is

9    acting under the color of state law." (EFC No. 17 at 9:12-13).  This Court discussed the allegations

10   against the Church and explained how Plaintiff failed to show tha the Church was a state actor when

11   it held in the Order granting the Motion to Dismiss that:

12       "In order to successfully bring her claim, plaintiff has to show that there is significant
         state involvement in the private party's actions. Plaintiff has made no allegations that
13       the Church defendant's alleged decision to exclude her from the Church is a
         "traditionally and exclusively governmental" function. She also has not demonstrated
14       that there was "significant" state involvement in the Church defendant's alleged
         decision to remove her from the Church. To the extent plaintiff's complaint can been
15       seen to allege that the Church defendant was a state actor because it had plaintiff
         removed by the City of Sacramento Police Department (see ECF No. 1 at 6), "merely
16       complaining to the police does not convert a private party into a state actor." *Collins v.
         Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989)." (EFC No. 17 at 9:2-11).
17

18       Plaintiff filed her Amended Complaint alleging violation of her constitutionally protected right

19   to free speech and right to freedom of religion under the First Amendment of the United States

20   Constitution. (EFC No. 19 at Page 1 Nature of Action.) Plaintiff alleges that she was a member of the

21   Church for over 10 years. (*Ibid.*)  Plaintiff alleges that on October 23, 2022, the board members of the

22   Church removed Plaintiff as a temple member. Plaintiff alleges that on January 9, 2024 the Church

23   caused Plaintiff to be served with a notice of trespass and removed from the temple by the Sacramento

24   Police Department. (ECF No. 19.) Specifically, Plaintiff alleges that the Police Officer "gave the

25   Trespass Notice to the Plaintiff." From that, Plaintiff alleges she has thereafter been disallowed entry

26   into the church temple to practice her religious beliefs. (*Ibid.*)

27       Plaintiff added new allegations regarding her views of the Church in her Amended Complaint.

28   Plaintiff asserts that she has questioned the Church Board's accounting and her Amended Complaint

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPOR OF DEFENDANT SACRAMENTO
BHARTIYA CHRUCH CORPORATION'S MOTION TO DISMISS**

adds specificity to exactly about what she was questioning the Church. (EFC No. 19 at Page 4). She claims that there is money missing without an explanation from the board. (*Ibid.*) Plaintiff also alleges that she asked why the Church's EIN was changed by the Board President without Board knowledge. (*Ibid.*) Further, Plaintiff now alleges that she had questioned the Board about a time when the Church raised $110,000 that was not reflected in the accounting. (*Ibid.*) Plaintiff alleges that she was not violating the penal code and as such there was no reason for her to be expelled from the church. (EFC No. 19 at Page 2). She alleges that: "Even though there were no signs of disturbances or the Plaintiff obstructing, blocking or preventing other Temple members from participating in Temple services, they served her the Trespass Notice and instructed her to leave the temple." (EFC No. 19 at Page 3). Plaintiff further alleges that the Church hired a security guard specifically because of Plaintiff. (EFC No. 19 at Page 4). Plaintiff also alleges her "reputation as a loyal Temple member has been slandered as the Temple Board and its President accused her of going against the Temple and their religious beliefs." Finally, she alleges that "Serving a trespass notice to bar Plaintiff from attending church services can be seen as a government action.". (EFC No. 19 at Page 5). No additions to the Amended Complaint pertain that explain how the Church is a government actor or a private actor acting under the color of state law.

## II.    ARGUMENT

**1.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A COGNIZABLE LEGAL THEORY OR SUFFICIENT FACTS TO SUPPORT A COGNIZABLE LEGAL THEORY**

### A.    Legal standard on a motion to dismiss under FRCP 12(b)(6)

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Robertson v. Dean Witter Reynolds, Inc.*, 149 F.2d 530, 533-34 (9th Cir. 1984).) When considering a motion to dismiss, the Court accepts the facts alleged in the complaint as true. (*Shah v. County of Los Angeles*, 797 F.2dd 743, 745.) A court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008).) As demonstrated below, Plaintiff's Amended Complaint continues to be unable to establish a violation of the First Amendment by the Church.

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPOR OF DEFENDANT SACRAMENTO BHARTIYA CHRUCH CORPORATION'S MOTION TO DISMISS**

**B.    Plaintiff's Claims Against The Church For Violation of her First Amendment Rights Must be Dismissed Because The Church is not a State Actor**

As articulated in the moving papers and this Court's Order granting the original Motion to dismiss, a plaintiff cannot bring a First Amendment cause of action against a private actor. Here, Plaintiff has continually attempted to bring a First Amendment cause of action against the Church, without any clear justification as to what permits her to sue the private actor as a state entity. Generally, claims for violation of constitutional rights are brought under 42 U.S.C. section 1983. "42 U.S.C.S. § 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of State law." (*Long v. County of Los Angeles*, (2006) 442 F.3d 1178, 1181.) To the extent Plaintiff's claims may be read to be a section 1983 claim, she has not established that the Church has acted under the color of law, which is required to remedy the defective complaint.

The First Amendment incorporated through the Fourteenth Amendment <u>only restricts state action</u>. (*Manhattan Cmty. Access Corp v. Halleck*, 587 U.S. 139 S.Ct. 1921, 1928 (2019); *Lugar v. Edmonson Oil Co.* 457 U.S. 922, 924; *Florer v. Congeregation Pidyon Shevuyim, N.A.* 639 F.3d 916, 922-23 (9th Cir. 2011).) Courts utilize a two-part test to determine whether deprivations of a right are attributable to the state when they are committed by a private actor. (*Florer*, 693 F.3d at 922.) "First the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. (quoting *Lugar*, 457 U.S. at 937).) "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." (*Ibid*.)

Courts have acknowledged that the presumption is that a private actor's conduct is <u>not</u> a state action. The Church in question is persumed to be a private actor and is not working under the color of state law, and this Court has already once determined that the Church is a private entity. The *Florer* Court held that "[w]e start with the presumption that conduct by private actors is not state action." (*Id*. (citing *Sutton v. Providence St. Joseph Med. Ctr.* 192 F.3d 826, 835 (9th Cir. 1999).) Plaintiff bears

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPOR OF DEFENDANT SACRAMENTO BHARTIYA CHRUCH CORPORATION'S MOTION TO DISMISS**

1  the burden of establishing that defendants were state actors. (*Id.* (citing *Flagg Bros. v. Brooks*, 436

2  U.S. 149, 15).) "In order for private conduct to constitute governmental action, 'something more' must

3  be present." (*Id.* (quoting *Sutton*, 192 F.3d at 835).) "[S]tate action may be found if, though only if,

4  there is such a 'close nexus between the State and the challenged action' that seemingly private

5  behavior' may be fairly treated as that of the State itself.'" (*Id.* (quoting B*rentwood Adac. v. Tnn*

6  *Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295).)

7        Plaintiff's initial Complaint failed to show that the Church was a state actor. The problem

8  remains the same in the Amended Complaint. Plaintiff's Amended Complaint does not allege that

9  when revoking her alleged membership and barring Plaintiff from its premises, how the Church is

10  acting as the state or under color of law.  Rather, at best, there is a vague statement near the conclusion

11  of the Amended Complaint stating that "[S]erving a trespass notice to bar Plaintiff from attending

12  church services can be seen as a government action." However, there is no allegation that the Church

13  actually served the trespass notice itself because the Amended Complaint states that it was the police

14  that did so. (EFC 19 at Page 2). The Amended Complaint contains no allegations regarding a right or

15  privilege created by the state, or a rule of conduct imposed by the state, the Church has deprived

16  Plaintiff. Further, the Amended Complaint alleges no facts establishing any nexus between the Church

17  and state, let alone a close one, that could somehow establish the Church as a state actor. Plaintiff's

18  Amended Complaint is therefore insufficient to establish a First Amendment claim against the Church.

19        The original Complaint laid out the theory of liability related to the police removing the

20  Plaintiff from the Church that this Court found was not sufficient to make a Constitutional Claim

21  against the Church and <u>that the police removal of Plaintiff did not amount to a state action by the</u>

22  <u>Church</u>.  In fact, the Court stated "merely complaining to the police does not convert a private party

23  into a state actor." (*Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989)."  Ultimately, this

24  Court concluded that Plaintiff "has not alleged facts sufficient to show that the Church defendant is

25  acting under the color of state law."  The Complaint and the Amended Complaint lay out the same set

26  of facts in regard to the Church and Plaintiff. The Church removed Plaintiff and the police served her

27  with a notice of trespass and had her to leave the Church.

28  / / /

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPOR OF DEFENDANT SACRAMENTO
BHARTIYA CHRUCH CORPORATION'S MOTION TO DISMISS

Since this Court's prior Order, Plaintiff has alleged no new facts demonstrating how the Church is a state actor. If anything, the identical set of facts have been re-packaged and reiterrated, but are unchanged. All Plaintiff did was add additional statements of the Church's operaions to which she was upset. None of these new allegations go to whether the Church is a state actor. She alleges that there is money missing without an explanation from the board. (*Ibid.*) Plaintiff also alleges that she asked why the Church's EIN was changed by the Board President without Board knowledge. (*Ibid.*) Further, Plaintiff added to the Complaint that she questioned the Board about a time when the Church raised $110,000 that was not reflected in the accounting. (*Ibid.*)  None of these statements are in relation to whether the Church is a state actor.  As such, the findings and determinations must be concluded to be the same. Plaintiff failed originally, and continues to fail, to state any facts that would make the Church a state actor and from this make the Church subject to any form of a First Amendment violation claim. As such, the Church is a private actor and this Amended Complaint must be dismissed.

**C.    To the Extent Plaintiff's Amended Complaint may be Read to State a Cause of Action for Defamation, Her Amended Complaint Fails to Allege Sufficient Facts to  Support a Claim for Defamation**

There is no cause of action for defamation raised in the Amended Complaint. However, as defamation is briefly discussed in the Amended Complaint it is addressed here.  Plaintiff's Amended Complaint contains a single reference to her reputation being "slandered" by the Church's board. To the extent that this fleeting statement could be read to allege a cause of action for defamation, the Amended Complaint fails to plead sufficient facts to support such a cause of action.

Under California law, the elements for a claim of defamation are: (1) defendants published the statements; (2) that the statements were about plaintiff; (3) that they were false; and (4) that defendants failed to use reasonable care to determine the truth or falsity. (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 470.) Plaintiff's Amended Complaint does not set forth what statements where allegedly made, who made the statements, that the statements were in fact false, and that the Church failed to use reasonable care to determine the statements' falsity. That she was removed from the Chruch's property is not defamation. Accordingly, Plaintiff's Amended Complaint fails to allege sufficient facts to support a cause of action for defamation against the Church.

/ / /

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPOR OF DEFENDANT SACRAMENTO BHARTIYA CHRUCH CORPORATION'S MOTION TO DISMISS**

**D.  <u>Leave to Amend Must be Denied</u>**

The Court has the authority to deny leave to amend after dismissing a Complaint following a Motion to Dismiss. "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." (citing *Jones v. Robinson Prop. Grp*., LP, 427 F.3d 987, 994 (5th Cir. 2005).) (*Marucci Sports, L.L.C. v. NCAA* (2014) 751 F.3d 368, 379.) The Court goes on to state "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. (*Id*.) Finally, the Court extrapolates on that saying that an "amendment is futile if it would fail to survive a Rule 12(b)(6) motion." (*Id*.)

Here, Plaintiff filed a Complaint and the Court granted the Church's Motion to Dismiss for failure to state a cause of action against the Church because Plaintiff "has not alleged facts sufficient to show that the Church defendant is acting under the color of state law." Plaintiff was given a second chance, <u>with clear instructions</u>, how to amend the Complaint to remedy the defects. Plaintiff did not remedy those defects. She repackaged the same allegations, added additional personal complaints about the Church and its members, but in no way remedied the defects from the original Complaint relating to how the Church is not a state actor which was necessary for the First Amendment claim. Plaintiff has shown there are no cures to this Complaint given the facts of this matter because there is no way to establish the Church as a state actor. Giving the Plaintiff another bite will not change the facts of the case. This inability to resolve the defects in a Complaint is percisely what the Court contemplated when they said if an amendment would be futile it can be denied, and that it would be futile if it would fail to survive a Rule 12(b)(6) Motion. A repackaging, again, of identical facts would not survive a third Rule 12(b)(6) motion, as such the Third Amdended Cmplaint would be futile. Because a Third Amended Complaint would be futile, granting leave to amend must be denied.

**III.  <u>CONCLUSION</u>**

In the original Complaint, Plaintiff was unable to establish a viable cause of action against the Church for violations of the First Amendment.  In the Order granting the Motiont to Dismiss, this Court laid out requirements to remedy the defective Complaint to Plaintiff. Plaintiff did not do

8

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

anything to remedy the defective Complaint. The original Complaint failed to establish that the Church was either a state actor or acting under the color of state law. The Amended Complaint added nothing to establish the Church as a state actor or acting under the color of state law.  For the reasons set forth above, Defendant Sacramento Bhartiya Church Corporation respectfully requests the Court grant its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and dismiss the Plaintiff's action as to Sacramento Bhartiya Church Corporation. Further, there are no facts that can be alleged to show that the Church is a state actor or acting under the color of state law, the Church requests that a further leave to amend be denied.

Dated: March 13, 2025                            Respectfully sumitted,

                                                 CLAPP, MORONEY, VUCINICH,
                                                 BEEMAN+SCHELEY


                                          By: _____
                                                 Andrew K. Murphy, Eeq.
                                                 Zachery A. Ross, Esq.
                                                 Attorney for Defendant,
                                                 SACRAMENTO BHARTIYA CHRUCH
                                                 CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPOR OF DEFENDANT SACRAMENTO BHARTIYA CHRUCH CORPORATION'S MOTION TO DISMISS**