SUSANA ALCALA WOOD, City Attorney (SBN 156366)
DAVID S. KIM, Senior Deputy City Attorney (SBN 324531)
dskim@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEETA DEVI,<br><br>            Plaintiff,<br><br>  vs.<br><br>SACRAMENTO BHARTIYA SABHA (dba) SHREE LAXMI NARAYAN MANDIR; and CITY OF SACRAMENTO; DOES 1-50, inclusive,<br><br>            Defendants. | Case No.:  2:24-CV00689-DJC-CKD<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF SACRAMENTO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FRCP RULE 12(b)(6)<br><br>Date:        April 17, 2025<br>Time:        1:30 p.m.<br>Courtroom:  24<br>Before:     Hon. Carolyn Delaney |

I.

INTRODUCTION

Despite being given leave to amend to allege facts showing that the City of Sacramento's ("City") alleged actions against her were performed pursuant to a municipal custom or policy, as required to state a *Monell* claim for relief, Plaintiff Vineeta Devi again fails to do so.  Her First Amended Complaint ("FAC"), while detailing the facts and circumstances behind the City's alleged issuance of a Notice of Trespass, is bereft of any allegations linking this action with any municipal policy or custom.  Plaintiff's failure to amend the deficiencies in her claim

1

1   against the City shows that she is unable to plead facts sufficient to state a cause of action

2   against the City.  Accordingly, the Court should dismiss Plaintiff's claims against the City

3   under Federal Rule of Civil Procedure 12(b)(6), without leave to amend.

4                                          II.

5                             FACTUAL BACKGROUND

6       Plaintiff was a member of the Sacramento Bhartify Sabha Church ("Church") for

7   approximately 10 years.  (ECF No. 19 at 3.)  Because Plaintiff "voiced her opinions and

8   concerns and also filed a complaint with the superior court" against the Church, the Temple

9   Board members signed a petition to remove Plaintiff from entering the Church's premises on

10  or around October 23, 2023.  (ECF No. 19 at 3.)  Nonetheless, Plaintiff continued to attend

11  services at the Church.

12      On January 9, 2024, while Plaintiff was on the Church's premises, two Sacramento Police

13  Department police officers made contact with Plaintiff.  One of the officers informed Plaintiff

14  that a church member had called the police to report that "Plaintiff was causing a disturbance

15  at the Temple."  (ECF No. 19 at 2.)  Following discussion with the Church's Temple Board

16  members, one of the officers served Plaintiff with a Notice of Trespass, which indicated that

17  Plaintiff's presence, due to the Church's request that Plaintiff vacate the premises, violated

18  Sacramento City Code section 9.16.140(B)(1) and California Penal Code § 602(k).  (ECF No.

19  19 at 3, Exh. 2.)  The police officer also instructed Plaintiff to leave the Church's premises.

20  (ECF No. 19 at 7-8.)

21                                         III.

22                        APPLICABLE LEGAL STANDARDS

23      A motion to dismiss per Federal Rule of Civil Procedure 12(b)(6) is proper where there is

24  either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a

25  cognizable legal theory." *Ballister v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990);

26  *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Specifically, the Court must construe the

27  complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations

28  as true, and determine whether plaintiff has alleged sufficient facts to state a claim to relief that

                                            2

is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

IV.

ARGUMENT

A.    Plaintiff Again Fails to Identify a Municipal Policy or Custom Causing Her Injuries in Support of Her *Monell* Claims Against the City of Sacramento.

Plaintiff once again alleges that the City violated her First Amendment right to free speech and free exercise of religion.  (ECF No. 19 at ¶¶ 5, 6, 13, 16.)  She brings her claim against the City under 42 U.S.C. § 1983, as a *Monell* claim.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Her *Monell* claim is her sole cause of action against the City.

Under *Monell*, a municipality cannot be held liable on a *respondeat superior* theory of liability. *Monell*, 436 U.S. at 691.  In order to impose liability under Section 1983, the plaintiff must identify a municipal policy or custom that caused the plaintiff's injury.  *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (citations omitted).

A policy is "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (citation omitted).  A custom is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law."  *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). After establishing one of the methods of liability, "a plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional

3

deprivation." *Id.*

As with her initial complaint, Plaintiff does not identify a City policy or custom causing her injury. Rather, Plaintiff appears to take issue with the City's police officer's issuance of a Notice of Trespass on her without listening to her plea to review security camera footage to verify whether Plaintiff was causing a disturbance. (ECF No. 19 at ¶ 13.) Plaintiff does not allege that this action was done pursuant to a specific City policy.[1] Nor does she allege with specificity a pattern of incidents. Plaintiff's allegations that she was instructed by law enforcement to vacate the Church's premises against her wishes, due to the fact that the Church requested that she be removed from its private property, does not state facts sufficient to state a *Monell* claim against the City under Section 1983.

Finally, the Court should dismiss Plaintiff's claims against the City without leave to amend. The Court's order granting the City's motion to dismiss Plaintiff's initial complaint with leave to amend clearly identifies Plaintiff's failure to allege a custom or policy of the City as the cause of her alleged injuries. (ECF No. 17 at 6.) Yet Plaintiff, while alleging a number of additional facts, has yet to include any facts addressing the deficiencies identified in the Court's order. Plaintiff's failure to do so indicates that she *cannot* cure this deficiency. Therefore, dismissal without leave to amend is appropriate.[2]

---

[1] Plaintiff makes reference to a "Section F" of a Sacramento Police Department General Order. (ECF No. 19 at 2.) It is not clear to which General Order Plaintiff is referring – Plaintiff has not provided a valid citation to any specific General Order, and there does not appear to be a Sacramento Police Department General Order entitled Protected Speech/First Amendment Issues. Nonetheless, and even taking this "General Order" on its face, the purported policy appears to simply paraphrase Cal. Penal Code § 602.1. (ECF No. 19 at 2.) Penal Code § 602.1 identifies a number of actions that constitute an infraction or misdemeanor – it does not identify a course of action for law enforcement, and therefore cannot act as the offending policy underlying Plaintiff's *Monell* claim.

[2] It should also be noted that Plaintiff's FAC was untimely. On February 3, 2025, the Court granted the City's Motion to Dismiss, and ordered that Plaintiff file her amended complaint no later than February 26, 2025. (ECF No. 18.) Nonetheless, Plaintiff filed her FAC on February 28, 2025, two days after the court-ordered deadline. (ECF No. 19.) "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

4

V.

CONCLUSION

For the reasons set forth above, the City respectfully requests the Court grant the City's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismiss Plaintiff's action as to the City of Sacramento, without leave to amend.


DATED:  March 18, 2025                    SUSANA ALCALA WOOD,
                                          City Attorney


                                   By:___/s/ David S. Kim_____
                                          DAVID S. KIM
                                          Senior Deputy City Attorney

                                          Attorneys for the
                                          CITY OF SACRAMENTO