UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEETA DEVI,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO BHARTIYA SABHA, et al.,<br><br>    Defendants. | No.  2:24-cv-00689-DJC-CKD PS<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS GRANTING</u> <u>DEFENDANTS' MOTION TO DISMISS</u> |

Plaintiff Vineeta Devi proceeds in this civil action without counsel.  This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

Presently before the Court is defendant Sacramento Bhartiya Sabha Church Corporation's[1] ("Church") motion to dismiss plaintiff's first amended complaint ("FAC") (ECF No. 20) and defendant City of Sacramento's ("City") motion to dismiss plaintiff's FAC (ECF No. 21).  The Court took the matter under submission without oral argument because plaintiff did not timely file an opposition to the motions as required by Local Rule 230(c). (ECF No. 24.) Plaintiff ultimately filed her oppositions on the day the Court issued the order vacating the scheduled hearing.  (ECF Nos. 25, 26.)  For the reasons set forth below, the FAC fails to state a claim

---

[1]  The Church defendant was erroneously sued as "Sacramento Bhartiya Saha (dba) Shree Laxmi Narayan Mandir."  (ECF No. 8 at 1.)

1

1  against the moving defendants. The defendants' motions to dismiss (ECF Nos. 20, 21) should be
2  granted, and the claims against them in the FAC should be dismissed with prejudice.
3      **I.**     **Procedural Background**
4      On January 27, 2025, the Court granted defendants' motions to dismiss and granted
5  Plaintiff leave to file a FAC. (ECF No. 17.) Plaintiff filed her FAC on February 28,2025. (ECF
6  No. 19.) On March 13, 2025, the Church defendant moved to dismiss plaintiff's FAC (ECF No.
7  20), and on March 19, the City defendant moved to dismiss plaintiff's FAC (ECF No. 21). Both
8  motions are fully briefed. (*See* ECF Nos. 25, 26, 27, 28.)
9      **II.**     **Allegations in the FAC**
10      Plaintiff brings this action against the City and Church defendants alleging that her First
11  Amendment rights to free speech and religion were violated. (ECF No. 19 at 1, 4-5.) In the FAC
12  Plaintiff has also names two police officers with the City of Sacramento police department as new
13  defendants: Officer Helmich and an unnamed officer. (*Id.* at 5-6.) Plaintiff alleges that the Board
14  of Trustees and the President of the Church defendant prohibited her from entering the Church
15  and "exercising her rights to freely practice her religious beliefs and to her rights to free speech"
16  under the First Amendment. (*Id.* at 1.) She alleges that she was removed from the Church
17  because the Church defendant did not approve of plaintiff's opinions and questions and was
18  attempting to stop her from stating these opinions. (*Id.* at 3-4.) She alleges the Church defendant
19  retaliated against her by preventing her from attending services because she expressed her
20  opinions and concerns about the Church's finances. (*Id.*)
21      Plaintiff alleges that the Church defendant had her removed with a trespass notice issued
22  by the City of Sacramento Police Department. (*Id.* at 2.) The Church secretary interrupted
23  plaintiff while she was attending service and told her two police officers wanted to see her. (*Id.*)
24  Two police officers, Helmich and an unidentified officer, served plaintiff with the notice. (*Id.*)
25  Plaintiff alleges that Church board members told the officers that they did not want plaintiff at the
26  Church. (*Id.* at 3.) Officer Helmich informed plaintiff that a Church member made a report that
27  she was causing a disturbance. (*Id.* at 2.)
28  / / /

1  **III.     Legal Standards**

2        **A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court must construe a pro se pleading liberally to determine whether it states a claim and, before dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *accord Balistreri*, 901 F.2d at 699 (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard in *Iqbal*). But courts need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

/////

3

### B. 42 U.S.C. § 1983 Standards

42 U.S.C. § 1983 provides a cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting "under color of any statute . . . ." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980). Section 1983 claims must demonstrate the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024). A supervisor may not be held individually liable under § 1983 unless he is personally involved in a constitutional deprivation or there exists a "sufficient causal connection" between the supervisor's wrongful conduct and the constitutional deprivation. *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018).

### C. Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se, *Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06; *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

### IV. Discussion

#### A. Plaintiff's Sur-replies

After defendants filed their replies in support of their respective motions to dismiss, plaintiff filed "oppositions" to each of those replies. (ECF Nos. 30, 31.) Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the

4

filing of a sur-reply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d 1131, 1134 (E.D. Cal. July 18, 2016). District courts have discretion to permit or preclude a sur-reply. *Id.* Courts must provide pro se litigants leniency, but the court generally views motions for leave to file a sur-reply with disfavor and will not consider granting a motion seeking leave to file a sur-reply absent good cause shown. *Id.*

Here, plaintiff has not requested leave to file these additional "oppositions," which the Court construes as sur-replies. The sur-replies do not address any new arguments or provide additional facts, and plaintiff has not shown good cause to file the sur-replies. For these reasons plaintiff's sur-replies shall be stricken.

### B. First Amendment Claims

Plaintiff alleges causes of action against defendants for violation of her First Amendment rights to free speech and free exercise of religion. 42 U.S.C. § 1983 provides a cause of action for the violation of a plaintiff's constitutional rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). While plaintiff does not specifically state that her claims are bring brought under § 1983, the court liberally construes plaintiff's claims against defendants as constitutional claims brought under § 1983. *See Stone v. Conrad Preby's*, 2013 WL 139939, at *2 (S.D. Cal. Jan. 10, 2013); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law, and (2) each defendant deprived her of rights secured by the Constitution or laws of the United States. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). There is no respondeat superior liability under § 1983, and therefore, each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677.

The First Amendment provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]; or abridging the freedom of speech." U.S. Const. amend. I. The Fourteenth Amendment makes the First Amendment applicable against the States: "No State shall

1  make or enforce any law which shall abridge the privileges or immunities of citizens of the
2  United States; nor shall any State deprive any person of life, liberty, or property, without due
3  process of law . . . ." U.S. Const. amend XIV, § 1. "The text and original meaning of those
4  Amendments, as well as this Court's longstanding precedents, establish that the Free Speech
5  Clause prohibits only governmental abridgment of speech. The Free Speech Clause does not
6  prohibit private abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802,
7  808 (2019) (emphasis omitted). Further, the Free Exercise Clause of the First Amendment
8  prevents the government from restricting an individual's religious beliefs. *See Employment
9  Division, Dept. of Human Resources of Oregon, et al. v. Smith*, 494 U.S. 872, 877 (1990). To
10 state a claim for a violation of the First Amendment, plaintiff must allege facts sufficient to show
11 that defendants acted under the color of state law.

### C. Defendant City of Sacramento's Motion to Dismiss (ECF No. 21)

13 The City defendant again moves to dismiss plaintiff's FAC on the ground that plaintiff's
14 constitutional claims against the City defendant are *Monell* claims under 42 U.S.C. § 1983 and
15 plaintiff has not identified a City policy, custom, or pattern causing her injury. (ECF No. 21-1 at
16 3-4.) The City also notes that plaintiff references a Sacramento Police Department General Order
17 that seems to paraphrase California Penal Code section 602.1. (*Id.* at 4 n.1; *see* ECF No. 19 at 2.)
18 The City argues that Penal Code section 602.1 does not identify a course of action for law
19 enforcement and cannot act as the offending policy under plaintiff's *Monell* claim. (ECF No. 21-
20 1 at n.1.) Plaintiff opposed the motion, arguing that the "city police officers became a part of the
21 church's 'weapon' against their church members" by issuing her a trespass notice. (ECF No. 26 at
22 5.) She also states that "[t]here is a pattern that the church officials are using in combination with
23 the city police officers to serve these notices without explaining the consequences to those
24 served" and that "this was not the first Trespass Notice the church had served on a church
25 member." (*Id.*)

26 Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978),
27 "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice,
28 or custom of the entity can be shown to be a moving force behind a violation of constitutional

6

rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). A policy is "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (citation omitted). A custom is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). After establishing one of the methods of liability, "a plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation." *Id.*

Here, plaintiff again has not provided facts sufficient to show that her First Amendment rights were violated because of a custom, policy, or pattern of the City defendant. Plaintiff alleges that the City of Sacramento Police Department issued her a notice of trespass and removed her from the Church premises; she makes no allegations that this removal was done pursuant to a City policy or allege with specificity a pattern of incidents. Plaintiff's general allegations that this was not the first time a trespass notice was issued to a Church member is not enough to establish a pattern or practice showing the City violated her First Amendment rights. Accordingly, plaintiff's FAC against the City defendant fails to state a claim.[2]

/////

/////

---

[2] Plaintiff also alleges that the City defendant did not properly serve her with the motion to dismiss. The Court notes that City did not attach a proof of service to their motion to dismiss. However, although plaintiff's opposition was filed late, plaintiff had an opportunity to oppose the City's motion and the Court has considered her opposition.

7

1    The City defendant's motion to dismiss should be granted, and plaintiff's claims against
2    the City defendant should be dismissed without leave to amend as amendment would be futile.
3    *See Franciscan Ceramics*, 818 F.2d at 1472.

### D. Defendant Sacramento Bhartiya Sabha Church Corporation's Motion to Dismiss (ECF No. 20)

The Church defendant moves to dismiss plaintiff's complaint for failure to state a claim. The Church defendant argues that it is not a state actor and plaintiff has alleged no additional facts in her FAC that would indicate the Church is a state actor. (ECF No. 20-1 at 6-7.) Plaintiff opposed the motion, arguing that because the Church is "an organization doing business in the State of California and are regulated by federal and state laws" it must comply with constitutional laws. (ECF No. 25 at 2.) Plaintiff argues that there is "significant state involvement" when the Church used the trespass notice to remove plaintiff from Church grounds. (*Id.*)

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of state law, [the Court] start[s] with the presumption that private conduct does not constitute governmental action."). However, a private entity's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted). Courts have recognized four tests to determine whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Franklin*, 312 F.3d at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). "While these factors are helpful in determining the significance of state involvement, there is no specific formula for defining state action." *Sutton v. Providence St. Joseph Med. Ctr.*,

8

192 F.3d 826, 835-36 (9th Cir. 1999) (citation omitted).

Plaintiff appears to argue that the Church defendant is a state actor under the public function test. (ECF No. 25 at 6 ("[C]ourt decisions that address whether a private person or entity is acting as a state actor typically look at whether that person is performing a function usually reserved to the government, or whether a private action has the force of law on others."). Plaintiff states that the Church defendant has "put [itself] in the position to bar the Plaintiff from her place of worship without probable cause and without proper hearing allowing the Plaintiff to oppose the actions of the Church." (*Id.*)  Plaintiff argues that the Church defendant has "used a 'private action' to force a law against" plaintiff. (*Id.*)

Under the public function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Lee*, 276 F.3d at 554-55 (citation omitted). "The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted).

Plaintiff again has not made the required showing under the public function test. The Church defendant is a private party. *See Rotchford v. Johnson & Johnson*, 2019 WL 2453113, at *2 (W.D. Wash. May 14, 2019); *see also Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1114 (D. Nev. 2004) ("Neither the Church nor its members are state actors for § 1983 purposes."). In order to successfully bring her claim, plaintiff has to show that there is significant state involvement in the private party's actions. Plaintiff has made no allegations that the Church defendant's alleged decision to exclude her from the Church is a "traditionally and exclusively governmental" function. She also still has not demonstrated that there was "significant" state involvement in the Church defendant's decision to remove her from the Church. Based on plaintiff's allegations, the Church decided to call the police to remove plaintiff from the Church premises because she was trespassing. To the extent plaintiff is alleging that the Church defendant was a state actor because it had plaintiff removed by the City of Sacramento Police Department, "merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d

9

1145, 1155 (9th Cir. 1989); *McHugh v. City of Tacoma*, 2011 WL 2457917, at *5 (W.D. Wash. June 16, 2011) ("[T]he mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983.).

Plaintiff has not alleged facts sufficient to show that the Church defendant was acting under the color of state law. *See Whitsitt v. San Joaquin County Mental Health*, 2023 WL 4627666, at *2 (E.D. Cal. July 19, 2023) (dismissing First Amendment claim under § 1983 against church because it was not a state actor); *Hui Son Lye v. City of Lacey*, 2012 WL 2564902, at *3 (W.D. Wash. June 29, 2012) (dismissing First Amendment claim against church for alleged exclusion from church because plaintiff did not sufficiently allege church was a state actor); *see Ayers v. Fellowship of Christian Athletes*, 2019 WL 1493186, at *6-7 (E.D. Cal. Apr. 4, 2019) (dismissing § 1983 claim against church for failure to plead state action).

The Church defendant also notes in its reply that plaintiff mentions defamation in her opposition. (ECF No. 25 at 6-7.) To the extent plaintiff is trying to allege new claims in her opposition, this is inappropriate, and the Court will not address this potential claim.[3] *See Minor*, 182 F. Supp. 3d at 977.

The Church defendant's motion to dismiss should be granted, and plaintiff's claims against the Church defendant should be dismissed without leave to amend as amendment would be futile. *See Franciscan Ceramics*, 818 F.2d at 1472.

### E. Claims Against New Defendants

In plaintiff's FAC, she lists two City of Sacramento police officers as additional defendants: Officer Helmich and a second unknown officer. (ECF No. 19 at 5-6.) Plaintiff alleges that these officers issued her the trespass notice. (*Id.* at 7-8.) It does not appear that these new defendants were served, and neither current defendant has mentioned the new defendants in their motions to dismiss.

"A trial court may act on its own initiative to note the inadequacy of a complaint and

---

[3] In plaintiff's FAC, she states that her reputation was "slandered" when the Church board retaliated against her. (ECF no. 19 at 5.) This is the only statement in the FAC about "slander" and plaintiff has not alleged additional facts.

10

1    dismiss it for failure to state a claim . . . ." *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635,
2    638 (9th Cir. 1988) (citing *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981)); *see Shoop v.*
3    *Deutsche Bank Nat. Trust Co.*, 465 F. App'x 646 (9th Cir. 2012). The Court "must give notice of
4    its intention to dismiss and give the plaintiff some opportunity to respond unless the "[p]laintiff
5    cannot possibly win relief.'" *Sparling*, 864 F.2d at 638.

6        Here, plaintiff cannot possibly win relief against the two police officers. Plaintiff alleges
7    that Officer Helmich told her that someone from the Church reported that she was making a
8    disturbance, and that the second unnamed officer gave plaintiff the trespass notice after going into
9    the Church and meeting with Church members for fifteen to twenty minutes. (ECF No. 19 at 2-
10   3.) Plaintiff alleges that the officers did not ask plaintiff about any issues between her and the
11   Church and issued the trespass notice when there were no signs of disturbances. (*Id.* at 3.)

12       Plaintiff claims that her First Amendment rights were violated when these new defendants
13   issued her the trespass notice. Under Ninth Circuit law, the First Amendment is not a license to
14   trespass. *Kelly v. Gallagher*, 2025 WL 861952, at *10 (D. Ariz. Mar. 19, 2025) (citing
15   *Dietemann v. Time, Inc.*, 449 F.2d 245, 249 (9th Cir. 1971); *Adderley v. Florida*, 385 U.S. 39, 47-
16   48 (1966); *Hudgens v. NLRB*, 424 U.S. 507, 520-21 (1976)). "No reasonable police officer would
17   believe arresting a person for trespassing on private property would violate the First
18   Amendment." *Id.* Here, plaintiff was not arrested; she was issued a trespass notice. (ECF No. 19
19   at 3, 8; *see id.* at 15.) The notice issued warned plaintiff that she was not permitted to enter or
20   remain on private property and any violation of the notice would constitute a misdemeanor. (*Id.*
21   at 15.) The Church is undisputedly private property. *See Hui Son Lye*, 2012 WL 2564902, at *4.
22   Further, plaintiff provided evidence that "official trustees" of the Church requested her removal
23   from the Church. (*Id.* at 12-13.) Based on the facts alleged, the police officers issued the trespass
24   notice because the Church, a private entity, requested that they do so. "[T]he general public does
25   not generally have a First Amendment right to access private property for expression." *Wright v.*
26   *Incline Village General Inprovement Dist.*, 665 F.3d 1128, 1137 (9th Cir. 2011). Plaintiff has not
27   alleged sufficient facts to support her claim that the two police officers violated her First
28   / / /

Amendment rights by issuing a trespass notice.[4]

Further, in the Court's order from January 27, 2025, granting defendants' first motions to dismiss with leave to amend, the Court stated that "plaintiff is granted leave to amend her claim against the City defendant to the extent she can allege additional facts supporting her claim" (ECF No. 17 at 7), and "plaintiff's claim against the Church defendant is dismissed with leave to amend to the extent she can allege additional facts that support her claim" (*id.* at 10). The Court did not grant plaintiff leave to add an additional defendant. *See Givens v. Tesluk*, 2023 WL 4551868, at *4 (E.D. Cal. July 14, 2023).

For the reasons set forth above, plaintiff's claims against the new defendants should be dismissed without leave to amend.

## V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's sur-replies (ECF Nos. 30, 31) are STRICKEN.

In addition, IT IS HEREBY RECOMMENDED that:

1. Defendant City of Sacramento's motion to dismiss (ECF No. 21) be GRANTED without leave to amend;
2. Defendant Sacramento Bhartiya Sabha Church Corporation's motion to dismiss (ECF No. 20) be GRANTED without leave to amend; and
3. Plaintiff's claims against Officer Helmich and the unnamed officer be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

---

[4] The Court also notes that in her opposition, plaintiff briefly mentions that conduct of the city police officers violated her "Fourth Amendment to due process" rights. (ECF No. 26 at 6.) To the extent plaintiff is trying to allege new claims in her opposition, this is inappropriate, and the Court will not address this potential claim. *See Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint.").

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 2, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, devi.0689.24